Before STATE INDUSTRIAL BOARD, Respondent.

ANNA G. VAN CISE, Respondent, *v.* STANDARD OIL COMPANY OF NEW YORK, Appellant.

*Workmen's compensation — evidence — declaration of deceased employee must be*
*corroborated by legal proof in respect to accidental injury, its occurrence in course*
*of employment and its causation by employment — award reversed.*

Appeal from an award of the State Industrial Board, made on February 15, 1923.

PER CURIAM: This court takes the position that, while under section 118 of the Workmen's Compensation Law,* an award need not be made to rest exclusively

---

* See Workmen's Compensation Law of 1922, § 118; revising Workmen's Compensation Law of 1914, § 68.— [REP.

upon legal evidence, nevertheless the declarations of a deceased employee, in order to be sufficient to authorize an award, must be corroborated by legal proof in respect to the accidental injury, its occurrence in the course of the employment, and its causation by the employment. It has taken the same position in the cases of *Biniecki* v. *American Radiator Co. (post,* p. 839); *Gilchrist* v. *Loew Realty Corp. (post,* p. 840), and *Billings* v. *Endicott-Johnson Corp. (post,* p. 839); decided herewith. In so far as the decision in *Meehan* v. *Dutton Lumber Co.* (206 App. Div. 785) indicates otherwise, that case will not be followed. In the case at bar the declarations of the deceased employee that the accident which injured him occurred in the course of his employment and arose out of his employment were not corroborated by any proof whatsoever. Therefore, the award should be reversed and the claim dismissed. All concur. Award reversed and claim dismissd, with costs against the State Industrial Board.