Before STATE INDUSTRIAL BOARD, Respondent.

KATHERINE MEEHAN, Respondent, *v.* DUTTON LUMBER COMPANY and Another, Appellants.

Third Department, November 13, 1924.

Workmen's compensation — evidence — claimant's intestate died after operation for strangulated hernia — intestate stated that he slipped on ice while at work — statement is not corroborated — declaration of intestate must under Workmen's Compensation Law, § 18, be corroborated as to each essential element of " injury " as defined in Workmen's Compensation Law, § 2, subd. 7 — award reversed.

An award of death benefits based on the death of an employee following an operation for strangulated hernia must be reversed on the ground of failure of proof, where it appears that the only evidence that the intestate suffered an injury in the course of his employment is a declaration made by him, entirely uncorrob-

orated by the testimony of other witnesses or by the facts of the case, to the effect that while at work he slipped on ice and fell, and immediately felt a pain.

The declaration of a deceased employee to be sufficient to establish an accident and the injury under section 118 of the Workmen's Compensation Law must be corroborated as to each of the essential elements of an " injury " as defined in subdivision 7 of section 2 of the Workmen's Compensation Law.

REARGUMENT, by permission of the Appellate Division (See 210 App. Div. 816), of an appeal from an award of the State Industrial Board, made on the 29th day of November, 1922. Upon the former appeal to the Appellate Division the award was unanimously affirmed without opinion (206 App. Div. 785), and subsequently the appellant moved for reargument or leave to appeal to the Court of Appeals, which motion was denied (206 App. Div. 808), and later a motion was made before the Court of Appeals for leave to appeal to that court which was denied.

*Clarence B. Tippett,* for the appellants.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Board.

*Edward A. Conger,* for the claimant, respondent.

HINMAN, J.:

In our holding in *Van Cise* v. *Standard Oil Co. of New York* (209 App. Div. 838) we said: " In so far as the decision in *Meehan* v. *Dutton Lumber Co.* (206 App. Div. 785) indicates otherwise, that case will not be followed." In deciding the *Van Cise Case* (*supra*) we reached the conclusion and definitely stated as our interpretation of section 118 of the Workmen's Compensation Law, as renumbered and amended by chapter 615 of the Laws of 1922, that while " an award need not be made to rest exclusively upon legal evidence, nevertheless the declarations of a deceased employee, in order to be sufficient to authorize an award, must be corroborated by legal proof in respect to the accidental injury, its occurrence in the course of the employment, and its causation by the employment." In our re-examination of the proofs in the *Meehan Case* (*supra*) we find that there are sufficient corroborating circumstances to permit a finding that Meehan in some manner and place suffered an accidental injury which probably occurred during an interval of time not earlier than five or ten minutes before he quit his employment for the day by checking out, which he did at twelve-twelve P. M., and not later than about twelve-thirty P. M., when he arrived at his home. We do not find any proof, however, of circumstances tending to show that such accident occurred upon the premises of the employer. He had been working alone that morning except that periodically a truck driver had worked with

him, the last time at eleven-thirty A. M., and that the foreman of the deceased had seen him five or six times in making rounds of inspection, the last time being a few minutes after twelve. Both of these men had conversed with him, including the last time each saw him. Meehan had said nothing about an accident and he was doing his regular work without any appearance of injury or distress. He died in a few days from the effects of a strangulated hernia, following an operation. At the hospital he told his doctor that he had an accident about eleven A. M., while at work. He said to the doctor: " He was wheeling one of the two-wheeled trucks, loaded with lumber and while pushing it he slipped " on the ice and fell " and felt the sudden pain." At the hospital he also said to his wife: " Slipped on the ice, under the cart, and the cart was on top of me." This hearsay testimony of the doctor and of his widow was uncorroborated by proof of any circumstances tending to establish an accident at the time or in the manner described by the deceased. If the accident happened at about eleven A. M., as deceased said, the other proofs contradict rather than corroborate his statement, since both of his fellow-employees say they saw him later than that and they were unable to testify to any circumstance tending to indicate that he had met with an accident. If the accident happened in the brief interval between the time when the foreman saw him about twelve-five P. M., and the time he checked out, namely, twelve-twelve P. M., we have only the proof offered by the foreman that when he left the deceased the two-wheeled cart which the latter was loading with lumber was at right angles to the lumber bin with the extreme end of the cart exposed to the weather; that it was slippery at the time but there was very little snow where the deceased was working; and that when he, the foreman, came to work the following Monday morning the cart was " longitudinal with the bin and not exposed." It was customary to turn the cart that way, but it was an awkward job for one man to accomplish. The inference is that the cart had been moved. Perhaps the deceased had moved it to a place of shelter from the weather before quitting his employment, but to establish the accident we must first infer that he moved it, rather than another, and then infer that in so doing he slipped and fell and strained himself, whereas there is no proof of any circumstances tending to indicate that anybody had slipped or fallen. If there were any marks on the ground tending to confirm the story of a fall, or if he left the plant with the marks of a fall upon his clothing, there is no such proof in the record. Slight circumstances of that kind might fairly tend to support the story of the deceased and might be

sufficient circumstances in conjunction with the hearsay to establish the claimed accident, but as the proofs appear here we have mere conjecture, except for the hearsay testimony, upon which to predicate the essential element of an accident " in the course of the employment." If there was ice at the place of his work upon which he might have slipped, it is an equally reasonable hypothesis that he might have slipped outside the plant in the course of his journey to his home. We have not the slightest legal proof with which to test the credibility of his hearsay declaration as to the place of the accident. The statute (Workmen's Compensation Law of 1922, § 118) says that such declarations " shall, if corroborated by circumstances or other evidence, be sufficient to establish the accident and the injury." This provision of the statute is not unlike the rule previously laid down by the Court of Appeals. (See *Matter of State Treasurer* v. *West Side Trucking Co.*, 233 N. Y. 202.) The circumstantial evidence need not be such as, considered alone, would establish a compensatable accident. If such were the case the hearsay declarations would serve no useful purpose. We think, however, that it must have been the legislative intent to require some corroboration, slight though it be, reaching to each of the essential elements of an " injury " as defined in subdivision 7 of section 2 of the Workmen's Compensation Law of 1922, and bearing some witness to the probability of the truthfulness of the declaration as to each of these essential elements.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.