In the Matter of the Claim of CATHERINE KEMP, Respondent, against STERLING ENGINE COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 13, 1930.

*Pettigrew & Glenney* [*Walter L. Glenney* of counsel], for the appellants.

*Hamilton Ward*, Attorney-General [*George S. Kelly*, Deputy Assistant Attorney-General, of counsel], for the respondent.

PER CURIAM. Arthur Kemp was injured in the course of his employment on July 11, 1922, while cranking an engine. The engine kicked and he received a Colles fracture of the right wrist.

This fracture was reduced by Dr. Frost who received no complaint of any other injury. Kemp was paid compensation for eighteen and three-tenths weeks for temporary disability and a seven and one-half per cent permanent loss of use of the right hand.

On October 4, 1924, it was discovered that he had a malignant growth in the upper right arm which was diagnosed as sarcoma and removed by an operation. Two years later there was a recurrence of the sarcoma at about the same place and it was again removed. Subsequently sarcoma developed in the right lung resulting in the death of Kemp on October 8, 1927. We may assume that the sarcoma of the lung developed from the sarcoma of the right arm.

An award for unpaid compensation for disability and for death benefits has been made to the widow. The basis of this award seems to be that the sarcoma had its origin in the accident of July 11, 1922. There is testimony of experts that sarcoma will sometimes result from a crushing, bruising injury to the tissue, but that it always develops at the site of the injury. Kemp stated to several persons, including physicians, that his upper right arm was bruised at the time of the accident. There is no corroboration of this evidence. Standing alone it is insufficient to sustain the award. (Workmen's Compensation Law, § 118; *Van Cise* v. *Standard Oil Co.*, 209 App. Div. 838; affd., 239 N. Y. 587; *Meehan* v. *Dutton Lumber Co.*, 210 App. Div. 540.)

The finding made by the Board that " while cranking a 20 horsepower motor, the motor kicked, causing him to fall forward, striking his wrist and his right arm between the elbow and shoulder * * * and causing him to sustain a severe injury to the upper arm," has no support in the evidence.

The award should be reversed and the claim remitted, with costs to the appellants against the State Industrial Board to abide the event.

HINMAN, Acting P. J., DAVIS, WHITMYER and HILL, JJ., concur; HASBROUCK, J., not voting.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.