In the Matter of the Claim of CATHERINE CARNEY, Respondent, against GENERAL CABLE CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision and award of the Workmen's Compensation Board which awarded death benefits to the

widow and son of the deceased employee. Deceased was employed as a stockroom clerk in the cafeteria operated by the employer in connection with its business. On January 17, 1945, deceased was suddenly stricken with pain in his abdomen while at work and was taken to a hospital in an ambulance. Upon operation on the same day it was found that he had a rupture of a chronic ulcer. He died on January 21, 1945. Testimony was presented as to statements made by the deceased to the effect that while he was lifting a 100 pound bag of sugar he felt "something snap inside", and that almost immediately thereafter he collapsed. There were 100 pound bags of sugar present in the stockroom where deceased worked. On occasions he had lifted such bags. He was engaged in taking inventory at the time. His condition found upon operation suggested a sudden rupture. Circumstances sufficiently corroborate the hearsay declarations of the deceased within the meaning of section 118 of the Workmen's Compensation Law. There was medical testimony of causal relation. While there is a conflict of testimony, the record presents an issue of fact with sufficient evidence to sustain the findings of the board. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Heffernan, Bergan and Coon, JJ., concur; Deyo, J., dissents in the following memorandum: The alleged declarations of the deceased employee concerning the accident were not only uncorroborated by circumstances or other evidence, as required by section 118 of the Workmen's Compensation Law, but were in fact refuted by the testimony of his coworkers. The decision and award should be reversed and the claim dismissed.