In the Matter of the Claim of JACK DOCA, Appellant, against FEDERAL STEVEDORING COMPANY, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued October 20, 1954; decided December 3, 1954.

*Arthur Hutter* and *Samuel Friedlander* for appellant. I. Claimant having filed no claim for compensation, having at no time submitted to the jurisdiction of the board, never having knowingly accepted any benefits from the award, having at the earliest opportunity contested its jurisdiction, and having consistently maintained that position, the board did not have and never obtained jurisdiction over his person. (*Meaney* v. *Keating,* 200 Misc. 308, 279 App. Div. 1030, 305 N. Y. 660; *Matter of Farquhar* v. *Godwin,* 250 App. Div. 805; *Matter of Glowney* v. *Statler's Restaurant,* 267 App. Div. 1020; *Matter of Campana* v.

*Prudential Ins. Co. of America,* 267 App. Div. 1007; *Rogers* v. *Decker,* 131 N. Y. 490.) II. The acceptance of payments does not confer jurisdiction nor does it bar claimant from urging lack of jurisdiction. (*Matter of Doey* v. *Howland Co.,* 224 N. Y. 30; *Risley* v. *Phenix Bank of City of N. Y.,* 83 N. Y. 318; *O'Donoghue* v. *Boies,* 159 N. Y. 87; *Ferguson* v. *Crawford,* 70 N. Y. 253; *Matter of Walker,* 136 N. Y. 20; *Robinson* v. *Oceanic Steam Navigation Co.,* 112 N. Y. 315.) III. The finding of the board that the accident arose out of and in the course of claimant's employment is unsupported by any evidence. What evidence there is establishes that it did not so arise, that claimant had completely separated himself from his employment at the time of the accident. (*Matter of Ross* v. *Howieson,* 232 N. Y. 604; *Matter of Leatham* v. *Thurston & Braidich,* 264 App. Div. 449, 289 N. Y. 804; *Matter of Stork Restaurant* v. *Boland,* 282 N. Y. 256.) IV. The presumption under section 21 of the Workmen's Compensation Law does not and cannot take the place of evidence. Findings must be supported by the evidence. (*Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 304 N. Y. 65; *Matter of Lorchitsky* v. *Gotham Folding Box Co.,* 230 N. Y. 8; *Matter of Eldridge* v. *Endicott, Johnson & Co.,* 228 N. Y. 21; *Matter of Belcher* v. *Carthage Mach. Co.,* 224 N. Y. 326; *Matter of Cooley* v. *Heaney Co.,* 249 N. Y. 395; *Matter of Dyviniek* v. *Buffalo Courier Express Co.,* 296 N. Y. 361; *Matter of Wilson* v. *General Motors Corp.,* 298 N. Y. 468; *Matter of McCormack* v. *National City Bank of N. Y.,* 303 N. Y. 5.) V. The statements in the doctors' reports, not having been offered by claimant, are not admissible and may not be considered. VI. Hearsay statements are inadmissible and may not be considered in reaching an award. An award resting on hearsay statements cannot stand. (*Matter of State Treasurer* v. *West Side Trucking Co.,* 233 N. Y. 202; *Matter of Belcher* v. *Carthage Mach. Co.,* 224 N. Y. 326; *Matter of Case,* 214 N. Y. 199; *Newburger* v. *American Sur. Co.,* 242 N. Y. 134.) VII. The accident, under the authorities, did not happen in the course of employment. (*Matter of Van Riper* v. *Newman,* 250 App. Div. 801; *Matter of Di Salvio* v. *Menihan Co.,* 225 N. Y. 123; *Hannigan* v. *Technola Piano Co.,* 204 App. Div. 748; *Matter of Urban* v. *Topping Bros.,* 184 App. Div. 633; *Matter of McInerney* v. *Buffalo & Susquehanna R. R. Corp.,* 225 N. Y. 130; *Adams* v.

*Uvalde Asphalt Paving Co.,* 205 App. Div. 784. VIII. The application for a rehearing and for annulment of the award, having been based primarily on matters of law and lack of juris· diction by the board, was properly made. Claimant never having been heard by the board, his application should have been granted. (*Matter of Lawrence* v. *Meyer-Garry, Inc.,* 278 App. Div. 990; *Matter of Reiss* v. *Standard Garment Co.,* 281 App. Div. 720; *Matter of Schlenker* v. *Garford Motor Truck Co.,* 183 App. Div. 166.) IX. The decision of the board is inconsistent and self-contradictory. It places claimant in a wholly impossible situation.

*Morgan F. Bisselle* and *Warren C. Tucker* for Federal Steve-doring Company, Inc., and another, respondents. I. The board had jurisdiction of both the subject matter of this proceeding and the person of the claimant. (*Meaney* v. *Keating,* 200 Misc. 308, 279 App. Div. 1030, 305 N. Y. 660.) II. There is substantial evidence to support the board's finding of fact that the claimant sustained an accidental injury arising out of and in the course of his employment. (*Matter of Daus* v. *Gunderman & Sons,* 283 N. Y. 459; *Matter of McGrinder* v. *Sullivan,* 290 N. Y. 11; *Matter of Hoffman* v. *New York Central R. R. Co.,* 290 N. Y. 277.) III. By the appellant's own statements and contentions before the board, the questions of jurisdiction and of propriety of the compensation award are determined by the decisions of the courts in the common-law action. IV. Claimant's application for rehearing was properly denied.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum* and *Wendell P. Brown* of counsel), for Workmen's Compensation Board, respondent. Appellant's contentions that the Workmen's Compensation Board had no jurisdiction of the person or of the subject matter are totally without substance. (*Matter of Bollard* v. *Engel,* 278 N. Y. 463; *South Buffalo Ry. Co.* v. *Ahern,* 303 N. Y. 545, 344 U. S. 367; *Meaney* v. *Keating,* 200 Misc. 308, 279 App. Div. 1030, 305 N. Y. 660.)

DESMOND, J. This is an unusual workmen's compensation case, since here it is the permanently disabled workman who appeals from an order affirming an award to himself. Presumably, appellant, although he has actually received, from the carrier, payments of workmen's compensation totaling $2,400

and has had his medical and hospital bills to the extent of $14,000 paid by the carrier pursuant to order of the compensation board, wishes the award set aside so that he may proceed with a pending third-party suit against his own employer (respondent Federal). The theory of that suit is, of course, that when appellant was struck and injured by an automobile-driven crane or lift owned by Federal, he (appellant) was out of his employment, having finished his work for the day. On the other hand, it is to be presumed that the reason why the respondent insurance carrier is insisting that this is a compensation case is because this same insurer is the carrier on the policy insuring Federal against general or common-law liability.

On March 9, 1950, just before 6:00 P.M., claimant, who had just '' checked out '' at the India Street Pier in Brooklyn, where he worked for respondent Federal, was walking past or near the '' Java Street Pier '' when he was run down and injured by some sort of crane belonging to, and operated by, his employer Federal. There is no testimony or documents in the record to show just what he was doing when hurt. Appellant never, at any time, filed a workmen's compensation claim but, on the day after the accident, respondent Federal filed with the Workmen's Compensation Board a report (see Workmen's Compensation Law, § 110) of the injury. A few days later, the carrier, without awaiting action by the board (see Workmen's Compensation Law, § 25), began paying claimant $32 per week and so notified the board on the usual form. On March 21, 1950, the employer, on the board's form, sent in another report of injury (all these are routine procedures, and there is no showing of any fraud or bad faith). Both those reports of injury filed by the employer stated details as to the place and character of the accident and together they gave information that appellant had finished work and was walking nearby when he was hit. Then, and still before any action by the board, a series of physicians' and hospital reports were filed with the board, which reports stated, as history given by appellant, that appellant was injured while working. On May 1, 1950, while compensation was still being paid (without award) and while claimant was still in the hospital undergoing treatment, there was sent by the board to claimant and to the employer and the insurance carrier, a notice of hearing, on a printed form which stated that it was not necessary for

any of the parties to attend the hearing, that any party who wished could submit further evidence and that if no further evidence should be submitted, the board would, on its own motion, make, on May 19, 1950, a decision requiring the carrier to make $32 per week payments of compensation (such as had already been made) and to continue such payments. This notice, under the heading of "Decision" (to be made) says: "Accident notice and causal relation established". We take that as notice that the board intended, in the absence of contest, to make a finding that this was a compensable accident. Apparently, no one appeared and the decision and award was accordingly made, as the notice had said that it would be made. Notice of such decision and award was sent to claimant, employer and carrier. *Doca* v. *Federal Stevedoring Co.,* the first suit at law brought by this injured man against this same employer on this same accident, held (305 N. Y. 648) that the payment of compensation and medical expenses by this carrier to this appellant gave the board jurisdiction just as if a formal claim had been filed by the employee either with his employer or with the board. In another case, *Meaney* v. *Keating* (305 N. Y. 660), decided the same day as *Doca* v. *Federal Stevedoring Co.* (*supra*), we similarly held that the payment of workmen's compensation by the carrier gives jurisdiction to the board even though no formal claim is ever filed by the injured worker. That disposes of the appellant's argument here that the award which he is now contesting was made without jurisdiction.

As a basis for affirmance, it is suggested that claimant is estopped or concluded from questioning the compensation award since, in his suit against his employer (305 N. Y. 648, *supra*), it was held that he could not maintain a common-law negligence action because he had been awarded compensation. However, it may be that, while he could not, in a common-law suit, collaterally attack the compensation award which stood unreversed, he can, as he is now doing, attack it directly by appeal, so we will not further discuss that point.

Before reciting briefly the further steps taken in the workmen's compensation proceeding, we point out that the foregoing leaves for us, on this appeal, one question only: that is, was there before the board sufficient evidence, or a sufficient showing of any kind, of an accident arising out of and in the course of

the employment, on which to base an award? Of course, the position here is that a claimant is denying the existence of such evidence, and a strong argument could be made that a claimant who has, over a considerable period of time, accepted large amounts of compensation cannot be heard to question the existence of jurisdictional facts. However that may be, we proceed to a statement of what was before the board at various times.

Between May, 1950, and May, 1951, successive notices were sent by the board to claimant, carrier and employer, in each instance stating that the board would, on a given date, make its decision directing the carrier to continue the payments, and in each instance the board did so. During all this time, the $32 per week payments were being made by the carrier. Before any appearance of any kind was made for claimant in any of these board proceedings, he commenced the common-law suit above referred to wherein a motion for summary judgment was made by Federal on the ground that plaintiff's sole remedy was under the Workmen's Compensation Law, which motion was denied at Special Term, but the order was reversed and the motion granted at the Appellate Division, and that summary judgment for defendant was, as aforesaid, affirmed in this court (*Doca* v. *Federal Stevedoring Co.*, 305 N. Y. 648, *supra*). Another, and identical, suit was commenced and is now pending. The first appearance before the board by anyone on behalf of the injured man seems to have been on November 15, 1951 (apparently the fifth compensation hearing), while the first common-law suit was pending. An attorney for Doca came before the board and, in discussion there, it turned out that claimant had refused (in August, 1951) to accept further payments of compensation because of the pendency of his common-law suit, and because of his assertion that the case was not one for workmen's compensation. Doca's lawyer stated at the November, 1951, hearing that he did not wish any further award made, but asked that the matter be held in abeyance. There was another hearing on January 8, 1952, at which some unknown person asked that the findings be rescinded, but this person refused to give his name and the referee made a new award up to date. In June, 1952, an attorney, who had a written authorization from appellant to appear specially before the board, appeared at a hearing and requested of the referee that

the compensation matter be held in abeyance pending the conclusion of the Supreme Court suit, but the referee refused so to do on the theory that the board had acquired jurisdiction and would continue to exercise it unless and until the courts held otherwise. The referee then proceeded to make a further award up to that date. In September, 1952, the same attorney, representing appellant, came to a hearing and again asked that the compensation matter be held in abeyance, stating that the accident had occurred after working hours and after appellant had left his place of employment. The carrier pointed out that various awards had been made and that no appeal had been taken, and the referee stated that he would continue the award. In November, 1952, at still another hearing, with the claimant's attorney present as well as a representative of the employer and carrier, and it appearing that the carrier was still sending the checks and that appellant was sending them back, the referee ordered the case closed because of claimant's refusal to accept jurisdiction. Appellant's attorney was still asking the referee to hold the matter open pending a decision in this court of his appeal in the common-law suit. In April, 1953, a few days before we affirmed dismissal of the first common-law suit (305 N. Y. 648, *supra*), there was a hearing before the board (not the referee), at which hearing appellant's attorney was present and at which there was some colloquy, and, after which hearing and after our determination in the common-law suit, the board, in April, 1953, reversed its referee's decision closing the case. The board's holding was that, on the basis of the evidence before the board, the accident arose out of and in the course of employment since appellant had not had time to separate himself from the dangers of his employment, also that the acceptance by him of payments up to August 17, 1951, indicated that he understood that his injury came within the Compensation Law. The board gave notice to appellant and others of this decision, and later made appropriate findings accordingly, closing the case since appellant was refusing to accept the compensation checks. Appellant then moved the board for review and annulment of the award but this was denied and he took an appeal to the Appellate Division, Third Department, which unanimously affirmed. The Appellate Division's opinion pointed out that, at the time the board made its first decision awarding compensation to appel-

lant, there were on file not only the employer's two reports of accident but a number of physicians' reports, reciting that appellant had been injured while working. The Appellate Division's opinion then pointed to section 21 of the act, which sets up a presumption that a claim comes within the provisions of the act unless there be substantial evidence to the contrary. The Appellate Division wrote that, although appellant was given the opportunity, by notices of hearing, to produce evidence to the contrary, he never did so, and that when his attorney, by letter, asked the board for review and rehearing, he filed only an unverified statement and did not sufficiently inform the board as to what proof he could produce to the contrary. We hold that it was discretionary with the board whether or not to grant a rehearing, since appellant had failed to appear at numerous hearings of which he and his attorney had notice.

The real question is whether there was before the board, when it made its various awards, a sufficient showing, in any form, of an accident arising out of and in the course of employment. Technically, it may be that section 21 (" that the claim comes within the provisions " of the act) does not apply here since appellant never did, in fact, file a claim. On the other hand, the word " claim " seems to be used in compensation law to describe any proceeding before the board no matter how initiated, and there is no doubt that such a proceeding can be (see *Meaney* v. *Keating, supra*), and here was, instituted by notices from the employer. If the section 21 presumption can apply where no claim has been filed by the injured man, then this is a case where the presumption may properly be made use of since, for a period of more than a year, this appellant received and retained compensation payments and never appeared before the board despite many notices and despite express notice that the board was going to make, and did make, findings of compensable accident, etc. If the presumption does not apply, there is still basis, we think, for affirmance and for a holding that the board had sufficient ground for the making of its finding of compensable accident. It is the decisional law, of course, that, while hearsay evidence is admissible in compensation proceedings, there must be a residuum of common-law evidence (*Matter of Carroll* v. *Knickerbocker*, 218 N. Y. 435). However, that rule has no place here. It governs when the party against whom the

award is made questions the sufficiency of the proof but that is not our situation. This is simply a case where an injured workman, having been amply put on notice that the board, on information before it, intended to make a finding that his accident arose out of and in the course of his employment, made no protest until long after a whole series of awards had been made and after he had received a considerable sum of money and the benefit of very large medical payments. The board had before it a showing, in the form of employer's notices and physicians' reports, that this was a compensable accident and when appellant made no objection to the making of these awards but, on the contrary, accepted the payments for more than a year, he cannot now be heard to question the fact. In *Matter of Ahern* v. *South Buffalo Ry. Co.* (303 N. Y. 545, affd. 344 U. S. 367), we held that the acquiescence of an employer in an award, even when the jurisdictional facts were not present, bound the employer (see 303 N. Y. 545 *et seq.*). Attention is called, also, to *Matter of Bollard* v. *Engel* (278 N. Y. 463) and similar cases (*Matter of Kleid* v. *Carr Bros.*, 300 N. Y. 270, 272), holding that in a workmen's case, appropriate statements in an employer's reports of injury are probative evidence against an employer that the accident arose out of and in the course of employment. There is no controlling reason why such statements are not equally probative as against the claimant when his attention is called to them and when he is given notice that findings and an award are to be based on them, and he still makes no protest but accepts the compensation.

This is a tragic case of a permanently disabled young man taking a legally untenable position, but we must apply the law as we find it. We, of course, express no opinion as to his rights, before the compensation board, in the future.

The order should be affirmed, with costs.

FROESSEL, J. (dissenting). Claimant, a young man twenty-three years old, having completed his day's work on March 9, 1950, concededly checked out and departed from the India Street Pier in Brooklyn where he worked as a longshoreman. While walking in front of the Java Street Pier, just before 6:00 P.M., he was run down and horribly maimed by a five-ton automobile crane owned and operated by his employer, and is totally incapacitated. Most of the time until July, 1951, claimant was con-

fined in various hospitals, and was in no condition physically, mentally or emotionally either to appear at any hearing or to give any consideration to the protection of his legal rights.

Claimant never filed a notice of claim with the Workmen's Compensation Board. But on March 10th, the very day after the accident, claimant's employer, whose compensation insurance carrier and liability insurance carrier were the same company, promptly filed a report of injury and voluntarily commenced disability and medical payments. The board held several hearings on the claim, but at no time did it take any testimony or receive any evidence other than the employer's two reports of injury and the several doctors' reports. Nevertheless, despite this complete absence of any legal evidence, the board found that the accident had arisen out of and in the course of employment, thus confining claimant exclusively to his compensation remedies. Claimant, who desires to prosecute a common-law negligence action against his employer for acts not arising out of his employment, now directly attacks the board's jurisdictional finding that a claim he never filed resulted from an accident which arose out of and in the course of his employment.

The board was in error when it stated that in *Doca* v. *Federal Stevedoring Co.* (305 N. Y. 648) this court held that it would not go behind the board's finding of accident arising out of and in the course of employment; all that we held in that case was that the employer's injury report and voluntary payment of compensation conferred an initial jurisdiction on the board which could not be *collaterally* attacked in a common-law action. However, on a direct appeal from the board's decision, such as is now before us, a finding that the accident arose out of and in the course of employment, like any other finding of fact, may be sustained only if it is supported by *substantial evidence*.

Claimant's failure to appear at the hearings is not *evidence*. His acceptance of compensation awards is not *evidence*. The presumption authorized by section 21 of the Workmen's Compensation Law is not by itself *evidence*. None of these can be substituted for *evidence*. As for the hearsay reports, they can be given probative effect only if corroborated by a residuum of legal, or " common law ", *evidence*. (*Matter of Altschuller* v. *Bressler*, 289 N. Y. 463, 468–471; *Matter of Carney* v. *General*

*Cable Corp.,* 278 App. Div. 868, affd. 303 N. Y. 885; *Matter of Carroll* v. *Knickerbocker Ice Co.,* 218 N. Y. 435, 439–441; *Matter of Belcher* v. *Carthage Mach. Co.,* 224 N. Y. 326, 330; *Van Cise* v. *Standard Oil Co. of N. Y.,* 209 App. Div. 838, affd. 239 N. Y. 587; *Matter of State Treasurer* v. *West Side Trucking Co.,* 233 N. Y. 202.) But in this record there is *no* such corroborating *legal evidence.* Thus the hearsay reports, as well, are not *evidence.* Since there is nothing else in the entire record, it is obvious that *there is no evidence whatsoever to support the board's jurisdictional finding.*

The prevailing opinion asserts (without citation of authority) that the employer's reports of injury, which we have held to be probative evidence against an *employer* on the jurisdictional issue, should be likewise regarded as against the *employee.* But such reports bind an employer because they are his admissions, and are therefore within a well-recognized exception to the hearsay rule. When offered against the employee, however, no such exception obtains, and the employer's reports come within the salutary policy, as well as the letter, of the rule which deprives them of probative value.

*Matter of Ahern* v. *South Buffalo Ry. Co.* (303 N. Y. 545, affd. 344 U. S. 367) is not controlling here. In that case, the " waiver " was expressly authorized by section 113 of the Workmen's Compensation Law which applies only when the New York State compensation award system might conflict or overlap with Federal compensation programs. In such a case, a party may waive his rights under the Federal program and rely solely upon the New York Workmen's Compensation Law. By doing so he submits to the jurisdiction of the board. But there is no similar provision in our Workmen's Compensation Law authorizing a waiver of a claimant's common-law remedies against his employer; indeed, such a provision would often, as possibly in this case, confer an unauthorized jurisdiction on the board. In that case, moreover, the evidence showing the employer's intent to waive his Federal rights was virtually indisputable. Such is not the case here.

Claimant maintains that the notices of hearings allegedly mailed to his home were never in fact received by him. It is true that the employer paid weekly compensation benefits, as well as some $14,000 on his medical bills. Claimant asserts,

however, that the weekly checks were sent to his home and cashed by his wife while he was hospitalized, and only two checks were cashed by him, after which he refused any further payments. This cannot justify or excuse the board's failure to receive testimony or other legal evidence before finding the necessary facts. Neither claimant's failure to appear at the compensation hearings nor his acceptance of payments made pursuant to an order entered without jurisdiction can serve to establish the facts essential to that jurisdiction. Since there is no evidence to support the finding that the accident arose out of and in the course of employment, the board had no jurisdiction to enter the award appealed from, thereby depriving him of his lawful right to institute a common-law action.

The order of the Appellate Division should be reversed, the board's order set aside, and the matter remitted for further proceedings not inconsistent with this opinion.

LEWIS, Ch. J., DYE, FULD and VAN VOORHIS, JJ., concur with DESMOND, J.; FROESSEL, J., dissents in an opinion in which CONWAY, J., concurs.

Order affirmed.