■ In the Matter of the Claim of EUGENE IRVING, Appellant, v. E.F.B.E. CONSTRUCTION CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed November 17, 1970. Claimant was injured on May 5, 1966 when he fell two floors in a building under construction, sustaining serious injuries. He appeared at several hearings before the board, having filed a claim for compensation and being represented by counsel. Findings of accident, notice and causal relationship were established at a hearing held on January 11, 1967, and an award of compensation was entered. Payments of compensation had previously been voluntarily initiated by the carrier and accepted by the claimant. Claimant thereafter commenced a third-party action. On August 10, 1970, through counsel, he applied to reopen the case, seeking to withdraw his compensation claim and requesting the board to vacate its award. It is appellant's contention that, while conceding that the award was justified on the evidence then before the board, subsequent investigation by appellant's counsel established that at the time of the accident, appellant was an independent contractor and not in the respondents' employ. The board denied the application finding that the payment of compensation operated to give it complete jurisdiction of the claim and that the jurisdiction of the board, once established, is exclusive. The filing of a formal claim and acceptance by the claimant of payments of compensation over a period of years in accordance with an award, following repeated appearances at board hearings, all constitute substantial evidence of claimant's acceptance of the board's jurisdiction (*Matter of Doca* v. *Federal*

*Stevedoring Co.,* 308 N.Y. 44; *Matter of Pierce* v. *Kellert,* 34 A D 2d 612). Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Reynolds, JJ., concur.