Per Curiam.

Plaintiff brought this personal injury action against defendants for injuries sustained when he fell down the stairs of a building at 7 Great Jones Street, Manhattan, owned by his employer, Ettenross Realty Corp. Defendant, Majestic Iron Works, Inc., had contracted with plaintiff’s employer to make certain alterations in the building, part of which was the installation of a steel stairway on which plaintiff fell. The cement work to be performed on the stairway was subcontracted to the defendants Yones. The jury returned *547 a verdict for the defendants and the Appellate Division has affirmed. In our opinion, a new trial must he had because of error committed on the trial.
On direct examination plaintiff’s counsel asked of the plaintiff, apparently for the purpose of establishing special damages, “ Did your employer pay you while you were not working? ” To that question, plaintiff replied, “ No.”
On cross-examination counsel for Majestic set out, by means which we deem objectionable, to demonstrate that plaintiff was a perjurer. For example, after mentioning the fact that plaintiff had testified that he had not been paid by his employer, counsel asked plaintiff, “ # * * you have been getting workmen’s compensation, haven’t you? ” Such a question was improper, for workmen’s compensation payments received by plaintiff were not “pay” and, as counsel undoubtedly knew, in the event of a recovery in the third-party action, would have to be repaid by plaintiff to the carrier. Said defendant’s counsel also made the following irrelevant and inexcusable remark in the form of a question: “ Q. You don’t have any pains or aches when you are going to cash your compensation check, do you? ” This unfair attack on plaintiff was aggravated by the failure of the court to instruct the jury, upon request by plaintiff’s counsel, that if plaintiff were to receive an award of damages from the jury that “ the plaintiff will have to pay back all the medical expenses, doctor bills, and whatever he has received from the compensation department * # The foregoing constitutes error too serious to be disregarded.
The judgment should be reversed and a new trial granted, with costs to abide the event.
Conway, Ch. J., Froessel, Van Voobhis and Burke, JJ., concur in Per Curiam opinion; Desmond, Dye and Fuld, JJ., dissent and vote to affirm.
Judgment reversed, etc.