HARVEY HERMAN, an Infant, by His Guardian ad Litem, AARON HERMAN, et al., Appellants, v. OHRBACH'S, INC., Respondent, et al., Defendant.—

It appears that on August 27, 1957 Ohrbach's employed plaintiff as a cashier on the fourth floor of its store; that he left the store premises at 12:05 for lunch; that shortly thereafter he returned to the tenth floor of the premises to seek a companion to go out to lunch; and that he sustained injuries while leaving the elevator as it fell 10 floors. The elevator was operated by another employee of Ohrbach's. It further appears that defendant Ohrbach's filed a report of injury with the Workmen's Compensation Board on the day of the accident; that on October 24, 1957 plaintiff notified the board that on October 3, 1957, he had commenced a third-party action against Ohrbach's; and that in its answer Ohrbach's. alleged as an affirmative defense: (a) that the action is barred under subdivision 6 of section 29 of the Workmen's Compensation Law, and (b) that plaintiff's remedy is under that law. It appears that thereafter, on February 4, 1958, the board's notice of decision stated: "Case was continued. Accident notice & causal relation established multiple injuries"; and that on April 3, 1958, the board's decision stated: "Case was closed pending outcome of 3rd party action." It also appears that three years after the accident and one day before the making of the instant motion for summary judgment, Ohrbach's insurance carrier paid plaintiff's hospital bill of $627.32. The Special Term held that the above decisions of the board constituted a finding that the injury arose out of and in the course of the employment, and based on such holding, granted summary judgment dismissing the complaint. In our opinion, under the circumstances here such holding was error. It is true that a finding by the board that plaintiff's injuries arose out of and in the course of his employment is binding and conclusive until vacated or modified by direct proceedings under the Workmen's Compensation Law, and that by virtue of such a finding plaintiff's sole remedy is under the Workmen's Compensation Law (*Doca* v. *Federal Stevedoring Co.*, 280 App. Div. 940; *Meaney* v. *Keating*, 279 App. Div. 1030). Here, however, there was no such finding; and in the absence of an award or the plaintiff's acceptance of compensation, it was error for the Special Term to conclude that the decisions of the board referred to above constituted such a finding (*Doca* v. *Federal Stevedoring Co.* [*supra*]; *Meaney* v. *Keating* [*supra*]; *Lewis* v. *Scudieri*, 7 A D 2d 738, motion for leave to appeal denied 7 A D 2d 1000). Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.