■ SIMON CRUZ, Respondent, v. SAMUEL WALLACH, Appellant.— Order, entered on December 19, 1961, which order resettled an order entered on November 3, 1961 denying defendant's motion for summary judgment, unanimously affirmed on the law, with $20 costs and disbursements to plaintiff-respondent. It is true that, if the plaintiff's injuries arose out of and in the course of his employment by 455 West 50th Street Corporation, the provisions of the Workmen's Compensation Law will bar a recovery by him against defendant, the president of the corporation, for his acts in behalf of the corporation. (See *Williams* v. *Hartshorn*, 296 N. Y. 49; *Cunningham* v. *Rafalsky & Co.*, 281 App. Div. 609, affd. 306 N. Y. 712; *Roberts* v. *Gagnon*, 1 A D 2d 297.) The defendant, however, in support of his defense, is not entitled to rely upon the findings of the Workmen's Compensation Board as establishing plaintiff's employment and injury causally related thereto. The award of the board based upon such findings was rescinded by it. The compensation case was thereupon closed without a final determination by the board. Under the circumstances, the findings of the board are in a vacuum and do not stand as supporting any final determination. Until such determination, the jurisdiction of the board is continuing and its findings are subject to rescission or modification by the board (Workmen's Compensation Law, § 123) and, thus, are not conclusive under the doctrine of *res judicata* or doctrine of collateral estoppel. (See *Webb* v. *Buckelew*, 82 N. Y. 555, 559; *Rudd* v. *Cornell*, 171 N. Y. 114, 127; *Bonner* v. *Industrial Acc. Comm.*, 140 P. 2d 1000, 1008 [Cal.].) Concur — Rabin, J. P., McNally, Eager, Steuer and Bergan, JJ.