■ ROBERT LAMBIASE, Respondent, v. ISIDORE SCHECHTER, Appellant, and CARL E. SPIRE, as Administrator of the Estate of EDDY A. SPIRES, Deceased, Respondent.— Order, entered on July 31, 1963, unanimously reversed, on the law, with $30 costs and disbursements to appellant, motion of defendant Schechter for summary judgment granted, with $10 costs, and the complaint dismissed. The plaintiff has failed to come forward and present any proof tending to overcome the defendant's evidence which establishes the validity of his defense based upon the Workmen's Compensation Law. The determination of the Workmen's Compensation Board in the matter of the claim of the

plaintiff constitutes a finding, binding and conclusive as to plaintiff, that his injuries arose out of and in the course of his employment. (See *Doca* v. *Federal Stevedoring Co.,* 280 App. Div. 940, affd. 305 N. Y. 648; *Meaney* v. *Keating,* 200 Misc. 308, affd. 279 App. Div. 1030, affd. 305 N. Y. 660; *Klein* v. *Pepe,* 99 N. Y. S. 2d 794.) Inasmuch, however, as the plaintiff was not a party to the proceeding before the board in the matter of the compensation claim of the defendant Schechter, the award upon such claim is not binding upon plaintiff. (See *Pigott* v. *Field,* 13 A D 2d 350.) "Only when there is identity of parties does a prior adjudication bar further contest" of an issue of fact or of law which affects his rights. (*Matter of New York State Labor Relations Bd.* v. *Holland Laundry,* 294 N. Y. 480, 494.) Nevertheless, there is in the record ample evidence, not refuted by plaintiff, that, at the time of the accident, the defendant Schechter was in the same employ as the plaintiff and, at such time, operating the vehicle in the course of his employment. Under the circumstances, the plaintiff's exclusive remedy for his injuries was a claim under the Workmen's Compensation Law which, by its terms, bars this action against his fellow employee. (Workmen's Compensation Law, § 29; see *Moon* v. *Finkle,* 6 N Y 2d 831; *Rauch* v. *Jones,* 4 N Y 2d 592; *Kunze* v. *Jones,* 6 A D 2d 888, affd. 8 N Y 2d 1152; *D'Agostino* v. *Wagenaar,* 183 Misc. 184, affd. 268 App. Div. 912, mot. for lv. to app den. 268 App. Div. 986.) Concur — Valente, J. P., McNally, Stevens, Eager and Witmer, JJ.