ROBERT FRIEDL, JR., Respondent, v EUGENE HENNARD, Doing Business as FILLMORE MILL & GENE'S KENDALL SERVICE STATION, Appellant.— Judgment unanimously reversed, on the law and facts, without costs, and complaint dismissed. Memorandum: Defendant appeals from a judgment entered against him on a jury verdict in the sum of $12,000 in favor of plaintiff in a personal injury action. Trial court had denied defendant's motion for dismissal of the complaint on the ground that plaintiff's remedy lay exclusively with the Workmen's (now Workers) Compensation Board. Defendant operated two unincorporated businesses in Fillmore, New York— a gasoline service station and a feed mill. On February 1, 1972 at noon he learned that a carload of bags of feed had arrived for him at the railroad freight years at Freedom, New York, a few miles away. He telephoned to the manager of his gasoline station and asked him whether there was anyone there who would like a job helping to unload a car of feed. Plaintiff, an 18-year-old high school pupil, had decided to skip school that afternoon and was at the gas station. Defendant's manager asked him whether he would like the job at $1 per hour and plaintiff said that he would. The manager reported that to defendant, who then stated that he was sending another employee, Evingham, with a truck to pick up plaintiff at the gas station, to proceed thence to the freight yeard to unload the car of feed. Shortly thereafter Evingham arrived at the station and picked up plaintiff as a passenger and they drove in the truck to the freight yard at Freedom. On arrival near the railroad car that was to be unloaded, Evingham asked plaintiff to get out and guide him as he backed the truck to the car door, and plaintiff did so. When the truck was within two or three feet of the railroad car, plaintiff disappeared from Evingham's view and Evingham stopped the truck. He testified that he heard nothing but got out and went to the rear of the truck and found plaintiff injured, on the ground between the truck and the railroad car. Plaintiff testified that in some way the truck bumper forced him against the railroad car, and he was injured. Evingham immediately telephoned to defendant and reported the accident; and on the next day defendant filed a report thereof with Workmen's Compensation Board on Form C-2. Plaintiff did not file a claim. The Workmen's Compensation Board accepted the case and, because of plaintiff's part-time employee status, it fixed his compensation at $10 per week, beginning February 2, 1972, and directed defendant's compensation insurance company to make such payments to plaintiff and to pay his medical and hospital expenses. On April 12, 1972 the following entry was made in the records of the Workmen's Compensation Board, "no medical evidence of further causal related disability". At that time $100 in weekly compensation payments had been directed. Defendant's insurance company issued checks to plaintiff for 10 weeks' compensation and it also paid plaintiff's doctor's bill of $200, hospital bill of $356 and County Medical Association bill of $39.65. Plaintiff indorsed and cashed compensation checks totaling $60. On June 19, 1972 plaintiff's attorneys sent a letter to the Workmen's Compensation Board, identifying the case by its number and plaintiff's name and stating that they did not consider the case one for workmen's compensation, that they were returning to defendant's insurance company checks for the last $40 which plaintiff had received, and would institute an action against defendant for personal injuries. They asked the board to adjourn plaintiff's compensation case pending the outcome of such litigation. The board gave plaintiff further notice of adjourned hearing, until July 12, 1972, stating that if he did not appear, the case would be closed; and on August 25, 1972 the case was marked "Closed". Not until February, 1975 did plaintiff serve a

summons on defendant in his action for personal injuries; and the verified complaint was served on April 25, 1975. In its answer defendant interposed the affirmative defense that plaintiff's sole and exclusive remedy was with the Workmen's Compensation Board. At the trial, in the absence of the jury, essentially the above facts were stipulated, but the court denied defendant's motion for dismissal. The court ruled that whether plaintiff's remedy was with the Workmen's Compensation Board was a question of fact for the jury, that is, whether plaintiff was in defendant's employ at the time of the accident; and in reliance on *Smith v Majestic Iron Works* (2 NY2d 544) the court ruled that in the course of trying that issue, no mention could be made of workmen's compensation nor of the compensation carrier's payments of plaintiff's medical expenses and wage benefits and plaintiff's acceptance thereof. On the trial plaintiff's position was that he did not become an employee when he got into defendant's truck and was not an employee when he helped guide defendant's driver in backing the truck to the railroad car door; and that his employment was intended to begin when he actually started to unload the car of feed, which did not occur. The court denied defendant's request for a charge concerning standards for determining what constitutes engaging in employment. The Workmen's Compensation Board having entertained the case and having directed defendant's compensation carrier to pay the medical and hospital expenses and to make weekly compensation payments in lieu of wages to plaintiff, and the company having done this and plaintiff having accepted several such payments, plaintiff's remedy became exclusively with the Workmen's Compensation Board. Unless and until he applied to the Workmen's Compensation Board and secured an appropriate order rescinding its prior action (see *Cruz v Wallach,* 16 AD2d 916; *Herman v Ohrbach's,* 15 AD2d 549), he could not institute this common-law action in negligence against defendant for damages for his injuries (Workmen's Compensation Law, § 29; *Matter of Doca v Federal Stevedoring Co.,* 308 NY 44, 48-49, 53, mot for rearg den 308 NY 744; *Meaney v Keating,* 305 NY 660; *Lambiase v Schechter,* 22 AD2d 648, affd 17 NY2d 496; *Matter of Pierce v Kellert,* 34 AD2d 612; and see *O'Rourke v Long,* 41 NY2d 219, 227-228; cf. *Matter of Coe v House Inside,* 29 NY2d 241). Moreover, if we were not reversing and dismissing the complaint as a matter of law, we would reverse and grant a new trial for failure of the trial court to expand its charge to the jury as requested, to explain the elements which the jury should consider in evaluating the evidence as to when it was contemplated by the parties that plaintiff's employment was to begin and whether it had begun before this accident occurred. (Appeal from judgment of Allegany Supreme Court—automobile negligence.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.