■ · DANIEL JENSEN et al., Respondents, v ILLINOIS GLOVE COMPANY, Appellant. (Action No. 1.) DANIEL JENSEN et al., Plaintiffs, v LINDE HYDRAULICS CORPORATION et al., Defendants. (Action No. 2.) — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered July 17, 1981 in Fulton County, which denied defendant's motion for summary judgment in Action No. 1. Plaintiff Daniel Jensen was injured at work while operating a forklift on December 18, 1975. The Workers' Compensation Board made an award to plaintiff and listed the employers as Illinois Glove Company (Illinois Glove) and Cayadutta Tanning Company, Inc. (Cayadutta). Thereafter, Action No. 1 was commenced against Illinois Glove alleging, *inter alia,* that the forklift was sold to Illinois Glove and plaintiff was injured on premises belonging to them. Plaintiffs then commenced Action No. 2 against Cayadutta among others alleging that the accident occurred in the same place as alleged in Action No. 1, but that the premises were owned by Cayadutta. A motion by Cayadutta to dismiss the complaint in Action No. 2 on the grounds that plaintiffs' remedy was exclusively under the Workers' Compensation Law was converted to one for summary judgment and denied by Special Term. Thereafter, Illinois Glove moved for summary judgment in Action No. 1 on these same grounds and the motion was denied. Only Illinois Glove has appealed Special Term's denial. Initially, defendant contends that the decision of the Workers' Compensation Board divests the court of jurisdiction over this action since its jurisdiction is exclusive. More specifically, defendant maintains that the board has determined that both defendants are the employers and the court is bound by such determination. We disagree. It appears from the record that Cayadutta is a wholly owned subsidiary of Illinois Glove; that the workers' compensation insurance policy was carried in the name of Illinois Glove and indorsed to cover Cayadutta; that Cayadutta notified the insurance company of the accident; and that at various times both defendants are named as the employer. While the board listed both defendants as the employer, the issue of employer-employee status was not argued before the board and, consequently, we conclude that the listing of both names does not indicate the resolution of the issue by the board. The listing of both names was, in our view, a mere procedural step and not a determination. The cases relied upon by defendant, *Werner v State of New York* (53 NY2d 346) and *Friedl v Hennard* (66 AD2d 1024), to support its contention are clearly distinguishable. In both of these cases the board addressed the relevant issues and made a determination prior to the judicial proceeding. In the present case it is conceded that plaintiff Daniel Jensen was an employee. The issue is whether he was employed by just one of the defendants or both of them. This is a narrow issue, not requiring extensive fact finding, and should be resolved by the court at the earliest opportunity (see *O'Rourke v Long,* 41 NY2d 219, 224). Considering the record

in its entirety, we conclude that a limited factual issue was presented concerning plaintiff Daniel Jensen's employment status and, therefore, Special Term properly denied summary judgment. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.