■ DANIEL JENSEN et al., Respondents, v LINDE HYDRAULICS CORPORATION, Defendant and Third-Party Plaintiff, and ELNORA MATERIAL HANDLING COMPANY, INC., et al., Defendants. CAYADUTTA TANNING COMPANY, INC., Defendant and Third-Party Defendant-Appellant; ILLINOIS GLOVE COMPANY, Third-Party Defendant. — Appeal from an order of the Supreme Court at Special Term (Amyot, J.), entered October 22, 1982 in Fulton County, which denied defendant Cayadutta Tanning Company, Inc.'s motion for a severance. Plaintiff Daniel Jensen was injured at work while operating a forklift. The Workers' Compensation Board made an award to plaintiff and listed his employers as Illinois Glove Company (Illinois Glove) and Cayadutta Tanning Company, Inc. (Cayadutta). Plaintiff then commenced a separate action against Illinois Glove alleging, in pertinent part, that the forklift was sold to Illinois Glove and plaintiff was injured on premises belonging to them. Plaintiff also commenced an action* against Cayadutta, among others, alleging that the accident occurred in the same place as alleged in the action against Illinois Glove, but that the premises were owned by Cayadutta. In due course, motions for summary judgment were made by Cayadutta and Illinois Glove on the grounds that plaintiff's remedy was exclusively under the Workers' Compensation Law. These motions were denied by Special Term and that determination was affirmed by this court (*Jensen v Illinois Glove Co.*, 88 AD2d 1067). This court concluded that although it was conceded that Daniel Jensen was an employee, a factual issue was presented concerning Jensen's employment status (*id.*, at p 1068). Specifically, we opined that: "The issue is whether he was employed by just one of the defendants [Illinois Glove and Cayadutta] or both of them. This is a narrow issue, not requiring extensive fact finding, and should be resolved by the court at the earliest opportunity" (*id.*, at p 1067 [citation omitted]). Subsequently, Cayadutta moved, pursuant to CPLR 603, for a severance on the issue of the identity of plaintiff's employer. This motion was denied and the present appeal ensued. A review of the record fails to reveal that Special Term abused its discretion in denying Cayadutta's motion (see 2 Weinstein-Korn-Miller, NY Civ Prac, par 603.01). We reiterate, however, our opinion that the issue of employment is a narrow one that should be resolved by the court at the earliest opportunity. We thus believe that, pursuant to CPLR 4011, the issue of employment should be tried before all other issues (see Siegel, NY Prac, § 394, pp 514-515; § 129, pp 159-160). We note that Special Term expressly denied Cayadutta's motion without prejudice to a later application to the trial court for similar relief. The order should be affirmed. Order affirmed, with costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.

---

*  These actions have since been consolidated.