OPINION OF THE COURT
John G. Connor, J.
Plaintiff brings this action for medical malpractice seeking damages resulting from the loss of both legs alleged against the above defendants. United Healthcare Service Corporation (hereinafter referred to as United) provided medical benefits relating to the underlying medical malpractice action. United claims reimbursement for treatment to plaintiff in the amount of $41,390.08, covering a period from April 2, 1990 through March 9, 1992.
United now brings a motion pursuant to CPLR 1012 (a) (2) and 1013 seeking leave to intervene, as a subrogee of plaintiff for reimbursement for medical payments made on behalf of plaintiff. Plaintiff cross-moves asking the court to approve a proposed compromise and settlement of the plaintiff’s cause of action against defendants Perrin Edwards, D.P.M., A.I. Gines, D.P.M., George MacPherson, D.P.M., David R. Levine, D.P.M. and Foot Specialist Associates, P. C. (hereinafter collectively referred to as the Podiatrists). Plaintiff asks the court to declare what percentage of the settlement United should receive.
At issue is whether United, as a subrogee to plaintiff’s malpractice action, has a right under CPLR 1012 (a) (2) to intervene and participate in the underlying action. CPLR 1012 (a) (2) provides that such intervening party must (1) demonstrate that its interests will not be adequately represented by plaintiff, and (2) that United Healthcare will be bound by the judgment obtained by plaintiff. (See, CPLR 1012 [a] [2]; Lesser v West Albany Warehouses, 17 Misc 2d 461 [1959].)
In support of United’s right to intervene, United relies upon Teichman v Community Hosp. (87 NY2d 514 [1996]). In Teichman (supra, at 522), the Court of Appeals agreed with the trial court on the issue of intervention and pointed out: "it was after all plaintiffs who made it [the contractual right to a refund by the subrogee] a part of this action by moving to Vacate’ any and all claims for reimbursement and by seeking *909 a declaration that MetLife [the subrogee in Teichman] had no 'rights to settlement proceeds.’ ” Here the reverse presents itself, whereby the plaintiff asks the court to include the subrogee’s claim. Since the plaintiff herein asks not to exclude the subrogee but to declare its right in settlement, United’s interest is thereby protected. To allow United to intervene in the instant action would be counterproductive and an abuse under CPLR 1013. Furthermore, to equate a contractual right for indemnification with plaintiff’s great loss of enjoyment of life by consolidating plaintiff’s claim for damages with United’s claim would dehumanize plaintiff’s sufferings into nothing more than a monetary contest between insurance providers. Such joinder would serve to cheapen justice in exchange for expediency. Regardless, except for United, all of the original parties to this action, including those defendants defending the malpractice charges, urge that such consolidation before the same jury would be highly prejudicial. (See, Smith v Majestic Iron Works, 2 NY2d 544 [1957].) Likewise, defendants could also be prejudiced by the introduction of evidence regarding the payment of medical expenses by plaintiff’s insurer. (See, Kelly v Yannotti, 4 NY2d 603 [1958].)
United recommends that this court follow Berry v St. Peter’s Hosp. (173 Misc 2d 214 [Sup Ct, Albany County 1997]). The Berry case is contradictory to Humbach v Goldstein (229 AD2d 64 [2d Dept 1997]). Under the circumstances as presented herein this court agrees with the appellate court in Humbach that the plaintiff and defendants would be unduly prejudiced in allowing the intervention by United.
Plaintiff’s cross motion seeks to ratify the proposed compromise and settlement with the Podiatrists for pain and suffering in the amount of $75,000 with no allocation of the proceeds of said recovery to United in satisfaction of its right to subrogation. United opposes the motion on the grounds that it (1) has a contractual right to a refund of any expenses paid on behalf of the plaintiff from a third-party settlement, and (2) is entitled to exclude from coverage those services for which plaintiff received payments as a result of legal action or settlement. Proof was submitted on the motion that plaintiff received podiatric treatment from July 19,1990 until November 8,1990. Plaintiff contends that the bulk of her damages was not attributable to the malpractice of the Podiatrists, but rather a result of the malpractice of the other named defendants which ultimately led to the amputation of both of her legs. Plaintiff *910 further contends that the proposed settlement with the Podiatrists was to reimburse plaintiff for her continued pain and suffering for the roughly three-month period that she was under the care of the Podiatrists; plaintiff notes that the Podiatrists do not admit liability in connection with the proposed settlement. United claims a right to subrogation of its entire lien of $41,390.08, covering the period April 2, 1990 through March 9, 1992, from the $75,000 settlement. Notwithstanding the aforesaid, United attached invoices to its opposition papers showing that only $324 of the claimed expenses related to podiatric care. Plaintiff acknowledges the existence of United’s lien and simply states that the same should attach to any recovery of medical expenses incurred against the defendant physicians. The court agrees that United’s lien attaches against the recovery of medical expenses against the remaining defendants; the settlement proposal of $75,000 between plaintiff and the Podiatrists is hereby ratified and approved, and the same shall be paid to the plaintiff and plaintiff’s counsel without any right of subrogation, offset or lien by United Healthcare.
Accordingly, the motion of United to intervene is denied and plaintiff’s motion is granted without costs to either party.