HELEN WALSTEIN, Plaintiff, *v.* ERNA BLANK et al., Defendants.

Supreme Court, Special Term, Queens County, June 26, 1962.

1016

*Joseph M. Soviero* for defendant. *Hyman J. Greenberg* for plaintiff.

JOHN F. SCILEPPI, J. Defendant Blank moves to dismiss the complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice.

Plaintiff's complaint alleges that at the time of the assault upon her by the codefendant Roger Croudy, a coemployee of the defendant Erna Blank, she was an employee of the latter defendant. It appears that the plaintiff was injured while in the performance of her duties as barmaid at the time of the alleged assault, and that the injuries arose out of and in the course of her employment. There is no allegation in her complaint to the effect that the moving defendant failed to secure compensation insurance to cover her as required by the Workmen's Compensation Law. In the absence of such allegation the complaint fails to state facts sufficient to constitute a cause of action. (*Nulle* v. *Hardman, Peck & Co.,* 185 App. Div. 351; *Culhane* v. *Economical Garage,* 195 App. Div. 108.)

The plaintiff's sole remedy rests on the provisions of the Workmen's Compensation Law, since it appears on the face of the complaint that the plaintiff was injured in the course of her employment by the moving defendant. (*Wasserman* v. *Josephson,* 61 N. Y. S. 2d 204.) Moreover, the complaint fails to allege that the moving defendant, plaintiff's employer, instigated or directed the assault. Therefore, the complaint is insufficient for that further reason. (*Whittington* v. *Moore McCormack Lines,* 196 F. 2d 295; *Champlin* v. *Chemical Corn Exch. Bank,* 158 N. Y. S. 2d 138.)

From the allegations of the complaint it unmistakably appears that she sustained injuries as a result of an assault by a fellow worker in the course of her employment, and that the injuries were accidental within the meaning of the Workmen's Compensation Law so far as the moving defendant is concerned. (*Mazarredo* v. *Levine,* 274 App. Div. 122.) Accordingly, the motion herein is granted.