Bergan, J.
 

 Claimant was employed as an office worker by House Inside, Ltd. at Nanuet. She was injured May 24, 1967 when she fell from a delivery truck owned by her employer. She was on her way home for lunch. It was not part of claimant’s work to ride on the truck. Because the driver had a delivery to make in the direction of claimant’s home he allowed her to ride on the truck, either at her request or his suggestion. On “ one or two occasions ” before this she had been given a ride home on the truck. This was not expressly authorized by the employer; but was known and not forbidden.
 

 Claimant filed a claim for workmen’s compensation. She also started an action in the Supreme Court against the employer for negligence. The claim alleged the injury arose out of and in the course of employment. Recovery in the action would be barred if it were found the accident occurred in the course of employment.
 

 Throughout the entire course of proceedings before the Referee and the panel of the Workmen’s Compensation Board, claimant and her attorney consistently requested decision on the claim be withheld pending the determination of the civil action.
 

 The carrier, which covered the employer for negligence and compensation and would be responsible either for an award or for a judgment, sought an adjudication in the compensation case, and offered proof which it argued showed the accident arose out of and in the course of employment. At no time did claimant testify and, as it has been noted, by letter addressed to the board and by repeated requests of her counsel, she asked the claim be held open.
 

 In the course of an early Referee’s hearing, and before any testimony was taken, claimant asked that the case “ be closed pending outcome of third party
 
 [sic]
 
 action ” while the carrier “ asks that it be made a compensation case”. The Referee seems literally to have done both of these things. He found “Accident, notice and causal relation ” which was in effect a
 
 *244
 
 finding of accident arising from the employment; and he also noted: “ Closed pending outcome of third party
 
 [sic]
 
 action”.
 

 This was a decision to hold the claim until the action was decided, which, although against the same employer, was described as a “ third party ” action; but it also amounted to an adjudication of employment relationship which would be a bar to the action.
 

 This ruling brought objection by claimant in a personal letter addressed to the board: “ I contend this accident did
 
 not
 
 happen in the course and scope of my employment.” To this the board responded by rescinding the Referee’s decision and sending the claim back for development of the record and further consideration of the question of employment relationship. It was on the remission that the driver of the truck and the owner of House Inside, Ltd. were called by the carrier.
 

 At the conclusion of this proof the Referee decided the case was
 
 “
 
 Closed without prejudice pending outcome of civil action ”. With the prior decision revoked this decision meant there was then no present adjudication on the question of employment relationship to the accident; and this seems to be the usual way in which requests by claimants to pursue civil actions are handled by the board.
 

 To this decision the carrier objected, noted that
 
 “
 
 the claimant should testify ’ ’ and asked that a decision be rendered by the board. The issue was argued further before a board panel which, without requiring or taking further proof, found that the accident arose out of and in the course of employment and closed the case.
 

 Claimant appealed to the Appellate Division. That court unanimously dismissed the appeal on the authority of
 
 Matter of Parks
 
 v.
 
 Weaver
 
 (20 A D 2d 588, mot. for lv. to app. dsmd. 14 N Y 2d 546). The appeal from that dismissal is here by permission of this court.
 

 Since the adjudication by the board of the existence of a relationship between accident and employment would preclude any recovery against the employer in the civil action, that decision, made against claimant’s objection, must be deemed to have affected her rights adversely.
 

 She would normally be deemed aggrieved by the refusal of the board to keep the issue of relationship open. (See
 
 Ross
 
 v.
 
 *245
 

 Wigg,
 
 100 N. Y. 243;
 
 Matter of Richmond County Soc. for Prevention of Cruelty to Children [Staten Is. Mental Health
 
 Soc.—
 
 Children’s Aid Soc.],
 
 11A D 2d 236, affd. 9 N Y 2d 913;
 
 Grabb
 
 v.
 
 Nicholas,
 
 2 A D 2d 446.) A claim having been filed by claimant and not withdrawn the "Workmen’s Compensation Board undoubtedly had the legal power and could exercise a discretion not to withhold decision even against the objection of claimant.
 

 The ultimate law question would thus be whether on such a record as that presented here the usual policy of the board has been to withhold decision pending outcome of the civil action on request of claimant; or to accede to the request of a carrier responsible both for an award and a judgment to make an immediate determination of the claim. If the board has routinely granted similar requests to claimants, its refusal to do so in this case, unless justified by special circumstances, could be regarded as arbitrary.
 

 That question cannot be reached on this record. The Appellate Division did not reach the merits of the propriety of the award because it felt bound by the decision of this court in
 
 Matter of Parks
 
 v.
 
 Weaver (supra)
 
 dismissing the application of the employer and carrier for permission to appeal
 
 “
 
 upon the ground that appellants are not parties aggrieved” (14 N Y 2d 546,
 
 supra).
 

 Although somewhat similar to this one, that case may be distinguished. One ground of distinction is that in
 
 Parks
 
 the denial of an award to claimant would deprive the employer only of one of several defenses in the action; whereas in the present case the award would completely defeat the action. Moreover in
 
 Parks
 
 the Appellate Division had treated the employer and carrier as being sufficiently aggrieved parties to pass on the merits of their legal contention (20 A D 2d 588).
 

 Moreover, in the thoroughly debated decision in
 
 Matter of Doca
 
 v.
 
 Federal Stevedoring Co.
 
 (308 N. Y. 44), the court found the claimant, pursuing a direct, and not a collateral, attack on an award in his favor, was not estopped, but
 
 ‘ ‘
 
 can, as he is now doing, attack it [the award] directly by appeal ” (p. 49). Nothing decided in
 
 Parks
 
 weakened this firm statement of the rule. For a consistent decision in the Appellate Division as to standing, see
 
 Matter of Pierce
 
 v.
 
 Kellert
 
 (34 A D 2d 612).
 

 
 *246
 
 Therefore, claimant is entitled to have a decision by the Appellate Division on the merits of her appeal. This court does not reach, and has not considered, the merits.
 

 The order should be reversed, with costs, and the case remitted to the Appellate Division for consideration of claimant’s appeal.
 

 Chief Judge Ful» and Judges Burke, Scileppi, Breitel, Jasen and Gibson concur.
 

 Order reversed, etc.