## (March 30, 1978)

██ JUAN VELASQUEZ, Respondent, v PINE GROVE RESORT RANCH, INC., et al., Appellants. (And Seven Other Related Actions.)—Appeal from an order of the Supreme Court in favor of plaintiffs, entered December 22, 1976 in Ulster County, upon a dismissal of defendants' affirmative defense of workmen's compensation by the court at a Trial Term at the close of all of the evidence. The instant wrongful death and personal injury actions were commenced as a result of a fire at 5:00 A.M. on January 6, 1973 at the Pine Grove Resort Ranch in Kerhonkson, New York. Pine Grove, a dude ranch, was controlled by defendant, Coordinated Ranches, Inc., and managed by defendant Tarantino. The fire occurred in a three-story wooden building wherein each of the plaintiffs was sleeping in connection with their weekend employment by defendants as waitresses and kitchen help. After each of the actions herein was at issue, Special Term ordered a joint trial to resolve the question of whether the claims were barred by the affirmative defense of workmen's compensation alleged in defendants' answers (Workmen's Compensation Law, §§ 11, 29, subd 6). The matter was tried before a Judge and a jury and at the close of the whole proof the court dismissed the defense in each case on the ground that "the Court concludes that, as a matter of law, the defendants have failed to sustain their burden of proof on their affirmative defense of the Workmen's Compensation Act." This appeal ensued. The trial court erred on a critical question of law since the Court of Appeals in *O'Rourke v Long* (41 NY2d 219, 226) stated: "Rather the unavailability of workmen's compensation benefits or insurance for compensation benefits is a matter integral to plaintiff's cause of action, and, as such, must be alleged and proved by the tort plaintiff. [Citation omitted.] The employer, by way of its answer, may assert the inconsistent arguments that there was no "employment" and that such "employment" was covered by compensation insurance. [Citation omitted.] Although it may be first asserted in the answer by way of defense, or affirmative defense, the issue of compensation exclusivity is to be pleaded and proved by the plaintiff and the omission of the plaintiff to so plead does not work to shift the burden of pleading or proving." This principle of evidentiary law applies even though the trial took place before *O'Rourke* (see *People ex rel. Rice v Graves,* 242 App Div

128, 132–133, affd 270 NY 498, cert den 298 US 683). Further, the error was not harmless (CPLR 2002) since our review of the record reveals that only three witnesses testified, each called by defendants, and their cross-examinations were not so probatively fruitful on the issue of whether the deaths and injuries arose out of and in connection with plaintiffs' employment that the court could rationally withhold from jury consideration the question of whether the plaintiffs were acting outside the scope of their employment at the time of the fire (*Bradshaw v Paduano,* 55 AD2d 828, 829; *Aetna Cas. & Sur. Co. v Garrett,* 37 AD2d 750, 751). Next, fundamental error was committed by the trial court in excluding from evidence workmen's compensation records with respect to Action No. 3 (Klein) and Action No. 5 (Estate of Quinones). Since awards were made in those two cases, it necessarily follows that the Workmen's Compensation Board determined that an employer-employee relationship obtained and, further, that the accidents suffered arose out of and in the course of claimants' employment. As the Court of Appeals stated in *O'Rourke* (*supra,* p 227), "The existence of an employer-employee relationship in which an industrial accident has occurred is jurisdictionally vital to the maintenance of a workmen's compensation proceeding. [Citation omitted.] A decision of the Workmen's Compensation Board is final * * * unless reversed or modified on appeal." Thus, the board's determination in the Klein and Quinones cases was binding on the trial court. These administrative adjudications by the board that there was a relationship between accident and employment, in the absence of an appeal resulting in modification or reversal, preclude recovery by Klein and Quinones (*O'Rourke v Long, supra,* p 227; *Matter of Coe v House Inside,* 29 NY2d 241, 244). Accordingly, this court, *sua sponte,* orders the complaints in Action No. 3 and Action No. 5 dismissed. Order modified, on the law, by dismissing Actions Nos. 3 and 5 and granting a new trial as to all other actions, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.