■    WALTER FEY, as Administrator of the Estate of ROBERT A. FEY, Deceased, Respondent, v EDWARD J. STENGLE et al., Appellants, et al., Defendants. (Appeal No. 1.)—Order unanimously reversed, with costs, and matter remitted to Special Term, Monroe County, for further proceedings in accordance with the following memorandum: By a notice of award against defendant Kings Moving and Storage, Inc. (Kings), the Workers' Compensation Board closed a case arising out of an accident involving a truck owned by Kings in which plaintiff's decedent was a passenger. The award directed King to pay $1,500 to the Uninsured Employers' Fund under section 26-a of the Workers' Compensation Law and $1,000 to the Vocational Rehabilitation Fund under subdivision 9 of section 15 of the Workers' Compensation Law. On the notice of award was the notation: "Decision: Closed. Accident. Notice and causal relation established to death. Find no dependency." Such a decision constituted a finding that the accident arose from decedent's employment with Kings *(O'Rourke v Long,* 41 NY2d 219, 227; *Matter of Coe v House Inside,* 29 NY2d 241, 243-244; *Velasquez v Pine Grove Resort Ranch,* 61 AD2d 1102, app dsmd 44 NY2d 949). Inasmuch as the award of the Workers' Compensation Board was made after Special Term's denial of a motion for summary judgment made by Kings and the driver of its truck, defendant Stengle, their motion to renew should have been granted. Once employment is established subdivision 6 of section 29 of the Workers' Compensation Law provides that benefits under workers' compensation are the exclusive remedy of an employee or his dependents. Section 11 of the Workers' Compensation Law, however, allows an employee to elect to maintain an action if the employer failed properly to secure the payment of compensation. An award to pay into the Uninsured Employers' Fund can be made in cases where there is no person entitled to compensation as well as where the employer failed to secure proper insurance (Workers' Compensation Law, § 26-a). Since the board's award in this case does not show upon which basis the award was made, plaintiff should be allowed to amend his complaint within 20 days of the order entered herein to allege, pursuant to section 11 of the Workers' Compensation Law, failure to secure compensation for injured employees. In the event that the facts are not such that plaintiff may so amend his complaint, summary judgment should be granted to defendants Kings and Stengle. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Moule, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.