■ MARGERY KIMBROUGH, Respondent, v C.F.L. DEVELOPMENT CORPORATION, Appellant. (Appeal No. 1.) — Order unanimously reversed, without costs, motion granted, and complaint dismissed. Memorandum: Plaintiffs Elliott Kimbrough and his wife Margery commenced separate negligence actions against defendant alleging that injuries sustained when they were assaulted by two trespassers in a building owned by defendant were caused by various acts of negligence on the part of defendant. Defendant's answer asserted by way of "affirmative defense" that plaintiffs were employees of defendant at the time of the incident complained of and thus had an exclusive remedy under the Workers' Compensation Law. Defendant moved for summary judgment dismissing the actions on that ground. Special Term denied that motion and this appeal ensued. In her affidavit in opposition to the motion for summary judgment, Margery Kimbrough admitted that she was an employee of the defendant but asserted for the first time that defendant had not secured compensation coverage for her as it is required to do (Workers' Compensation Law, § 10). If that were established, plaintiff would be free to pursue her remedy in a tort action (Workers' Compensation Law, § 11; *O'Rourke v Long,* 41 NY2d 219, 222). In the first instance, however, the burden is on the plaintiff to plead and prove lack of coverage by the defendant *(Murray v City of New York,* 43 NY2d 400, 407; *O'Rourke v Long, supra,* pp 224-225; *Velasquez v Pine Grove Resort Ranch,* 61 AD2d 1102). Inasmuch as the plaintiff has failed to meet that requirement, her complaint must be dismissed. The issue of whether or not the defendant secured coverage for the plaintiff must be resolved by the Workers' Compensation Board where a proceeding involving this claim has been adjourned pending the outcome of plaintiff's civil action. The additional question of whether the incident complained of arose in the course of plaintiff's employment also properly should be determined by the board. "Where the availability of workmen's compensation hinges upon the resolution of questions of fact or upon mixed questions of fact and law, the plaintiff may not choose the courts as the forum for the resolution of such questions. The Legislature has placed the responsibility for these determinations with the Workmen's Compensation Board and there it must remain" *(O'Rourke v Long, supra,* p 228). If the board determines that plaintiff is not entitled to compensation benefits, she will be free to reinstitute a tort action within six months of dismissal of the claim by the board (CPLR 205, subd [c]). There is a factual

issue as to whether Elliott Kimbrough was employed by the defendant. After a compensation claim was filed on his behalf with the board, defendant's compensation carrier issued drafts to plaintiff which were returned by plaintiff's attorney who informed them that there was no employer-employee relationship. Subsequently, there was a determination by the board that no such relationship existed and the case was closed. There is insufficient evidence on the record before us to establish whether that determination was made after a hearing at which defendant had an opportunity to be heard. If it was made after a full hearing, the determination is binding on the court (*O'Rourke v Long, supra,* p 228; *Velasquez v Pine Grove Resort Ranch, supra,* pp 1102-1103). This matter is therefore remitted to Special Term for an evidentiary hearing on the limited issue of whether the board's determination was made after an opportunity for all parties to be heard. If Special Term finds that it was, plaintiff will be free to proceed with his tort action. If it is determined that defendant did not have an opportunity to be heard, it may then seek to reopen the proceedings for a full hearing on that question as well as the additional questions of whether defendant provided compensation benefits for plaintiff and whether the incident arose during the course of his employment. (Appeal from an order of Erie Supreme Court — dismiss complaint.) Present — Cardamone, J.P., Simons, Callahan, Denman and Schnepp, JJ.