OPINION OF THE COURT
 

 Meyer, J.
 

 A claimant who applies for, is awarded and accepts
 
 *349
 
 workers’ compensation death benefits is barred by the exclusive remedy and finality provisions of the Workers’ Compensation Law from maintaining a wrongful death action against the deceased worker’s former employer for intentional assault. The order of the Appellate Division granting the State’s motion for summary judgment dismissing the complaint should, therefore, be affirmed.
 

 Ronald Werner was employed as a guard at the Attica Correctional Facility. Taken hostage at the beginning of the prisoner insurrection now generally referred to as the Attica uprising, Werner was killed by a gun shot wound to the chest during the September 13, 1971 retaking of the prison by State troopers and correction officers. On October 1, 1971 his widow, Juanita, filed a claim for compensation on behalf of herself and her three daughters with the Workers’ Compensation Board, and on February 8,1972 she was notified that at a hearing held January 26, 1972 an award had been made requiring payment of funeral expenses and a weekly stipend commencing September 13, 1971. It is not disputed that the compensation payments were received and accepted by Juanita Werner on behalf of herself and her children until she remarried, that upon her remarriage she received a remarriage award at the expiration of which the payments for the benefit of the children were increased, and that the latter payments continued thereafter. Claimant’s brief states that she was advised by State officials that benefits under the Workers’ Compensation Law were her exclusive remedy, but there is nothing in the record to support the statement.
 

 Whatever be the fact with respect to the filing of the compensation claim, claimant concedes in her brief that in December, 1971, after conferring with an attorney, she filed a notice of intention to file claim against the State and on December 23, 1972 filed her notice of claim against the State and certain State employees with the Court of Claims. Two claims were stated: the first for the negligent failure to warn Ronald Werner of the impending riot and to protect him against imprisonment and physical injury by the rioting inmates during the period September 9, 1971 through September 13,1971; the second for his death which
 
 *350
 
 it was alleged occurred when “a State Police Officer * * * while acting in the course of his employment by the State and for the purpose of forwarding the State’s interest, without just cause or provocation and with great force and violence, wilfully and intentionally assaulted and battered the Claimant’s decedent by firing several shots of a gun at Claimant’s decedent, one or more of which shot and struck him in the head, chest and back, thereby causing his death.”
 

 The State moved to dismiss as to the individual defendants for lack of Court of Claims jurisdiction and as to the claims against the State for failure to state a cause of action and because claimant having received compensation payments had elected her remedy. As to the individual defendants the motion was granted; as to the State it was granted as to the claim based on negligence but otherwise denied. The State appealed but that appeal has never been perfected. Thereafter, the State moved for summary judgment on the basis of claimant’s continued receipt of compensation benefits. The Court of Claims denied that motion on the basis of our decision in
 
 Jones v State of New York
 
 (33 NY2d 275), but on appeal the Appellate Division, Fourth Department, by a divided court, reversed and granted summary judgment dismissing the claim. The Appellate Division majority distinguished the
 
 Jones
 
 decision, which involved a claim on behalf of the dependents of another deceased Attica hostage identical in language to that quoted above, on the ground that in
 
 Jones
 
 claimant had neither applied for nor accepted compensation benefits. From the Appellate Division’s order claimant appeals. We affirm.
 

 Claimant presents the threshold argument that trial of the action in the Court of Claims having begun, the court should not have entertained and the Appellate Division could not grant a motion for summary judgment. We perceive no abuse of discretion in the courts below having entertained the motion, which if granted would dispose of the action. The State urges us to dismiss the intentional assault claim on the ground that it fails to state a cause of action, because it does not plead the nonexclusivity of compensation (see
 
 O’Rourke v Long,
 
 41 NY2d 219;
 
 Murray v
 

 
 *351
 

 City of New York,
 
 43 NY2d 400, 407) and does not allege a deliberate purpose on the part of the State to cause Werner’s death (as distinct from responsibility of the State on the basis of
 
 respondeat superior
 
 for the reckless acts of its employees; see
 
 Finch v Swingly,
 
 42 AD2d 1035;
 
 Estupinan v Cleanerama Drive-In Cleaners,
 
 38 AD2d 353; 2A Larson, Workmen’s Compensation, § 68.21, p 13-11). Neither contention is properly before us on this appeal, however. The sufficiency of the complaint was in issue on the .State’s first motion under CPLR 3211 to dismiss the complaint, but is not a ground of the motion which is the subject of the present appeal. The State appealed the denial of that first motion to the Appellate Division but never perfected the appeal. The subject of the present appeal is the State’s motion, made some time after denial of its first motion, which seeks summary judgment pursuant to CPLR 3212 and does not address the sufficiency of the complaint.
 

 We come, then, to the primary issue on this appeal: whether acceptance of compensation benefits forecloses the action against the State for intentional assault held permissible in
 
 Jones v State of New York
 
 (33 NY2d 275,
 
 supra).
 

 [1]
 

 Section 11 of the Workers’ Compensation Law provides that “The liability of an employer * * * shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, spouse, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death,” and section 8 of the Court of Claims Act “is careful to provide that, in waiving immunity, the exclusiveness of the compensation remedy against the State is not impaired”
 
 (Maloney v State of New York,
 
 3 NY2d 356, 361). Furthermore, section 29 of the Workers’ Compensation Law, which makes clear that by accepting compensation benefits an injured employee or his dependents does not foreclose action against a tort
 
 *352
 
 feasor not “in the same employ”, expressly provides in subdivision 6 that “The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of his death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ.” Finally, section 23 of the Workers’ Compensation Law provides that “An award or decision of the board shall be final and conclusive upon all questions within its jurisdiction, as against the state fund or between the parties, unless reversed or modified on appeal therefrom as hereinafter provided.”
 
 [2]
 

 The combination of those provisions requires affirmance of the Appellate Division’s order. Had claimant not chosen to accept benefits, she would under our decision in
 
 Jones v State of New York (supra),
 
 have been free to maintain her wrongful death action for intentional assault. In that action she would have faced a heavy burden of proof in attempting to establish the use of excessive force by the State
 
 (id.,
 
 33 NY2d, at p 280) and may perhaps have been defeated by findings that the excessive force resulted from reckless rather than deliberate acts (see
 
 Finch v Swingly,
 
 42 AD2d 1035,
 
 supra; Estupinan v Cleanerama Drive-In Cleaners,
 
 38 AD2d 353,
 
 supra; Santiago v Brill Monfort Co.,
 
 11 AD2d 1041, affd 10 NY2d 718;
 
 Artonio v Hirsch,
 
 3 AD2d 939;
 
 Walstein v Blank,
 
 35 Misc 2d 1015). To the contrary, however, claimant applied for compensation benefits and received them on the basis of a finding of the board reading “Accident notice and causal relationship established for causally related death. Case closed.”
 

 Thus, the board has determined that Ronald Werner’s
 
 *353
 
 death was accidental and occurred in the course of his employment, both issues clearly within its jurisdiction. That finding of accidental death is binding between the parties, not only because of section 23 of the Workers’ Compensation Law, but also on settled principles of
 
 res judicata
 
 which apply to administrative hearings and 'determinations when the agency involved is acting, as does the compensation board, in a quasi-judicial capacity
 
 (Matter of Evans v Monaghan,
 
 306 NY 312; see
 
 Matter of Venes v Community School Bd. of Dist. 26,
 
 43 NY2d 520; Restatement, Judgments 2d [Tent Draft No. 7], § 131, Comments
 
 g, h;
 
 Ann., 84 ALR2d 1036). And while the same acts involving an assault by a coemployee may be accidental as to the employer but intentional as to the coemployee (see, e.g.,
 
 Maines v. Cronomer Val. Fire Dept.,
 
 50 NY2d 535,
 
 supra; Artonio v Hirsch,
 
 3 AD2d 939,
 
 supra; Mazarredo v Levine,
 
 274 App Div 122), it is difficult to comprehend how as to the employer such acts can be both accidental and intentional, the more particularly so when the compensation law says so clearly and specifically that the compensation remedy shall as to the employer be exclusive and that the board’s decision shall be conclusive, the obvious purpose of those provisions being to foreclose the possibility of duplicative recoveries.
 
 [3]
 
 Claimant concedes that her first claim for negligence is barred, but argues that there has been no election of remedies as to the second claim because the intentional assault for which she now sues was a separate wrong which entitles her to a separate remedy. Only when the alternative remedies are theoretically inconsistent, she suggests, is a claimant held to have elected between remedies. Carried to its logical conclusion claimant’s argument would permit separate and complete recovery for each distinct tort theory for which claimant could find support in the complex of facts without regard to the fact that the ultimate injury for which recovery is had is the same, Ronald Werner’s death, whatever the theory. Thus, the remedies are, indeed, inconsistent
 
 *354
 
 and claimant’s acceptance of compensation benefits bars the intentional assault claim as well.
 

 While there are a number of cases supporting that conclusion,
 
 [4]
 
 the clearest exposition is that contained in
 
 Legault v Brown
 
 (283 App Div 303). In holding defendant entitled to summary judgment in a common-law action by an employee against his employer, the Appellate Division, Fourth Department, said (pp 305-306):
 

 “It appears without contradiction that not only had the defendants-appellants effected workmen’s compensation insurance which was in full force but that the plaintiff-respondent had availed himself of the benefits of such insurance. He had the right to do so since it is unquestioned that the accident arose out of and during the course of his employment. There is a distinction between ‘being entitled to take compensation’ and ‘having taken compensation.’
 
 (Grossman
 
 v.
 
 Consolidated Edison Co.,
 
 294 N. Y. 39.) Assuming that the plaintiff had a common-law action for willful assault, we think he lost such remedy by choosing instead to avail himself of the benefits of workmen’s compensation, given to him by the statute without requiring him to prove negligence, freedom from contributory negligence, willful assault or anything else except that he was injured during the course of his employment. The benefits which this employee has already received and which he will receive in the future are encompassed within the damages claimed in his complaint. He may not be doubly compensated; once under the statute and again in a common-law action. There is no provision by which the insurer could be subrogated in an action not within the purview of the Workmen’s Compensation Law. Here the employee was injured during the course of his employment. The statute gave him a remedy. That remedy was predicated upon the theory that his injury was ‘accidental’ within the statutory definition. His common-law
 
 *355
 
 action negates the theory of ‘accidental injury’. He based his cause of action upon a willful and wanton assault by his employers and on the theory that such assault is not an accidental injury under the statute. Assuming that he had two remedies, one by virtue of the statute and one under the common law, it must be held that the two are inconsistent one with the other. He may not pursue both to a conclusion. By demanding, receiving and retaining the benefits of his first remedy, he is estopped to simultaneously pursue the second. He made his election.
 

 * * *
 

 “The respondent elected to stand upon the employer and employee relationship and the theory of ‘accidental injury’ and take the statutory benefits. By this present action, he repudiates the relationship of employer and employee and the theory of ‘accidental injury’ and seeks to recover against the defendants, not as his employers, but because, as he claims he was willfully and wantonly assaulted by them. He must be held to his election.”
 

 For the reasons set forth above, claimant, when she accepted compensation benefits for her husband’s death forfeited the right to maintain an action at law for his wrongful death, however unwittingly. That does not necessarily mean that she is without recourse if she was, in fact, mislead into filing the compensation claims by representations of a State employee (cf.
 
 Hotaling v General Elec. Co.,
 
 12 NY2d 310). It does mean that she cannot maintain an action for assault until she has established to the satisfaction of the board in a proceeding under section 123 that it is just that its prior decision awarding compensation be rescinded, until which time that award stands as a bar to the present action.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
 

 Order affirmed.
 

 [1]
 

 . While it is clear that subdivision 6 of section 29 of the Workers’ Compensation Law does not bar an employee who has accepted compensation benefits from suing a coemployee who has committed an intentional assault upon him
 
 (Moines v Cronomer Vol. Fire Dept.,
 
 50 NY2d 535;
 
 Vercruysse v Alati,
 
 78 AD2d 1015), that question is not involved in the instant appeal, the individual defendants no longer being party to the action.
 

 [2]
 

 . Though not expressly so provided in section 23, an award or decision is subject to modification not only on appeal but, under section 123, pursuant to the board’s continuing power and jurisdiction to “make such modification. or change with respect to former findings, awards, decisions, or orders relating thereto, as in its opinion may be just.” Claimant is not without an avenue of redress, therefore, if in fact she was misled by advice of State officials that compensation benefits were her exclusive remedy. Until the board exercises its powers under section 123, however, its decision and award to Juanita Werner is, under section 23, final and conclusive, provided only the question decided was within its jurisdiction
 
 (Friedl v Hennard,
 
 66 AD2d 1024, 1025;
 
 Moakler v Blanco,
 
 47 AD2d 614; Restatement, Judgments 2d [Tent Draft, No. 7], §131, Comment
 
 i).
 

 [3]
 

 . The generally more substantial recovery in a common-law action is the price that statute requires of the employee or his dependents for the “swift and sure source of benefits to the injured employee or to the dependents of [a] deceased employee”
 
 (O’Rourke v Long,
 
 41 NY2d 219, 222;
 
 Billy v Consolidated Mach. Tool Corp.,
 
 51 NY2d 152, 159).
 

 [4]
 

 .
 
 (Matter of Martin v C. A. Prods. Co.,
 
 8 NY2d 226;
 
 Matter of Doca v Federal Stevedoring Co.,
 
 308 NY 44;
 
 Velasquez v Pine Grove Resort Ranch,
 
 61 AD2d 1102, app dsmd 44 NY2d 949;
 
 Moakler v Blanco,
 
 47 AD2d 614,
 
 supra; Schmidt v Carrara,
 
 11 AD2d 788;
 
 Doca v Federal Stevedoring,
 
 280 App Div 940, affd 305 NY 648;
 
 Meaney v Keating,
 
 200 Misc 308, affd 279 App Div 1030, affd 305 NY 660; cf.
 
 Smith v State of New York,
 
 72 AD2d 937.)