■ MICHAELINE O'CONNOR et al., Respondents, v ANTHONY MIDIRIA et al., Appellants. — Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Plaintiffs, husband and wife, seek derivative and compensatory damages for personal injuries sustained by the wife. Defendants, Kane and Pizza Hut of North Haven, Inc., have moved for summary judgment contending that plaintiffs' action is barred on two grounds. First, defendants contend that a determination of the Workers' Compensation Board in plaintiffs' favor forecloses the court from granting common-law damages. Second, they contend that plaintiffs have failed to state a cause of action for recovery against them based on intentional tort. Plaintiffs, for their part, assert that the motion is barred by a prior order denying defendants' earlier, similar summary judgment motion. The motion is proper, however, because of a change in the status of plaintiffs' claims, namely, the subsequent decision of the board that plaintiff Michaeline O'Connor's injuries were compensable (cf. *Abramoff v Federal Ins. Co.*, 48 AD2d 676). The action arises out of a work-related incident in which plaintiff Michaeline O'Connor, a waitress employed by Pizza Hut, was locked in a walk-in cooler, separate from the main restaurant, by her coemployee, defendant Midiria. Midiria then turned out the outside lights so that when plaintiff freed herself and ran to the restaurant she tripped and fell in the dark, fracturing a bone in her foot and otherwise injuring her leg and hip. In this action, plaintiffs sue Midiria, Kane, the manager of the restaurant, and Pizza Hut for intentional injury to Michaeline O'Connor. It is plaintiffs' claim that the manager and employer are liable for Midiria's intentional acts because they had prior knowledge of his propensity for engaging in such conduct. In *Werner v State of New York* (53 NY2d 346), the Court of Appeals held that a claimant who is awarded and accepts workers' compensation benefits is barred from an action against the employer for intentional assault. The first issue presented in this case is whether an employee is similarly barred from pursuing a civil action when there has been a determination by the Workers' Compensation Board that she is entitled to benefits but the administrative proceeding was not initiated by the employee and she refuses to accept the benefits awarded her. Following Mrs. O'Connor's accident, the physician who treated her prepared and submitted to the Workers' Compensation Board required compensation forms. Similarly, her employer filed a report of the injury with the board. In October, 1978 plaintiff received checks for compensation benefits but her attorney returned them to the board, advising it that a civil action was contemplated. The board again sent the checks to the employee's attorney, stating that compensation was plaintiff's sole remedy. Since then counsel has retained the checks in the office safe, uncashed. On August 1, 1980, a Workers' Compensation Law Judge held the case for two months for an appropriate award, finding "Accident, notice & causal relation established for sprain and fracture of right ankle — contusion of right hip." Defendants contend that that decision is a binding determination which bars plaintiffs' action for damages against the employer. Compensation is the exclusive remedy of an employee against an employer for injuries

accidentally sustained during the course of employment (Workers' Compensation Law, § 11), and section 23 of the statute provides that "[a]n award or decision of the board shall be final and conclusive upon all questions within its jurisdiction * * * between the parties, unless reversed or modified on appeal therefrom". Moreover, even though the case remains open for the purpose of computing the award, a board decision finding accident and causally related disability is final for purposes of appeal (*Matter of Rice v Kavanagh Trucking Co.,* 69 AD2d 1027). It is clear, then, that when an employee has accepted compensation benefits, no civil action may be maintained against the employer. Under familiar principles, the administrative decision of accidental injury is *res judicata* and binding upon the parties (*Werner v State of New York, supra,* p 353; see, also, *O'Rourke v Long,* 41 NY2d 219, 227; *Velasquez v Pine Grove Resort Ranch,* 61 AD2d 1102; *Durso v Modern Biscuit Corp.,* 11 AD2d 1036). The same overriding purpose of avoiding inconsistent or duplicative remedies prevents plaintiffs from pursuing this action alleging intentional injury when there exists a board decision finding the injury was accidental. They may move to vacate the board's determination (Workers' Compensation Law, § 123; *Matter of Coe v House Inside,* 29 NY2d 241), or appeal the board's refusal to vacate the award (see *Matter of Coe v House Inside, supra; Matter of Doca v Federal Stevedoring Co.,* 308 NY 44), but, until they do so, the decision of the board is binding and conclusive on this court (*Werner v State of New York, supra*). Our decision disposes of the appeal but defendants are also entitled to judgment, on the merits. Plaintiffs allege Mrs. O'Connor was injured by tripping over an obstacle in a parking lot because a coemployee intentionally turned off the lights, placing her in darkness. There is no allegation that the manager or the employer caused her injury by direct contact or by an intentional or deliberate act (see *Finch v Swingly,* 42 AD2d 1035) and, at best, the conduct of the employer in this case was reckless. That is not sufficient to overcome the bar of the Workers' Compensation Law (see *Werner v State of New York, supra,* p 352; see, also, *Estupinan v Cleanerama Drive-In Cleaners,* 38 AD2d 353). (Appeal from order of Monroe Supreme Court, Provenzano, J. — summary judgment.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.