■ JOHN JACKMAN, Appellant, v STEVEN FISHER et al., Respondents. — In an action to recover damages for libel, plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Murphy, J.), entered November 5, 1981, which granted defendants' motion for summary judgment and (2) a judgment of the same court, entered December 10, 1981 pursuant to said order, which dismissed the complaint as against each of the defendants. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified, on the law, by deleting the provision dismissing

the complaint with respect to defendants Steven Fisher, Sherry Frank and Jean M. Murphy. As so modified, judgment affirmed, without costs or disbursements. So much of the order as granted summary judgment in favor of the aforesaid defendants is vacated, the motion is denied as to them and the action as against them is severed. On June 24, 1977, plaintiff and defendants Steven Fisher, Sherry Frank and Jean M. Murphy were coemployees of defendant Columbia Broadcasting System, Inc. (CBS). It is alleged that on that date Fisher, Frank and Murphy published a libellous memorandum, which caused CBS to reassign plaintiff to a less prestigious position. Plaintiff commenced the instant action, sounding in libel, and subsequently recovered workers' compensation benefits from CBS for "accidental injury" resulting from his reassignment. Thereafter, Special Term granted defendants' motion for summary judgment and dismissed the complaint on the ground that "plaintiff's election to receive Workmen's Compensation benefits precludes him from maintaining a common law action for an intentional tort against his employer and his fellow employees". Plaintiff's acceptance of workers' compensation benefits barred the prosecution of an action against his employer, CBS (see Workers' Compensation Law, § 11; *Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535; *Matter of Doca v Federal Stevedoring Co.*, 308 NY 44; *Mazarredo v Levine*, 274 App Div 122). Thus, Special Term properly granted summary judgment in favor of CBS. With respect to plaintiff's coemployees, subdivision 6 of section 29 of the Workers' Compensation Law provides: "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee * * * when such employee is injured or killed by the negligence or wrong of another in the same employ." However, that provision does not bar actions against coemployees to recover damages for intentional torts (see *Maines v Cronomer Val. Fire Dept., supra; Hirsch v Mastroianni*, 80 AD2d 633; cf. *Moakler v Blanco*, 47 AD2d 614). In the instant case, plaintiff's coemployees are charged with intentional, willful conduct. Therefore, plaintiff's acceptance of workers' compensation benefits does not bar the instant action as against Steven Fisher, Sherry Frank and Jean M. Murphy. Summary judgment should therefore have been denied as to these defendants. Damiani, J. P., O'Connor, Thompson and Bracken, JJ., concur.