■ FRANCISCO LOPEZ et al., Respondents-Appellants, v JAN TRANSPORT, INC., et al., Appellants-Respondents.—Order of the Supreme Court, Bronx County (Anita Florio, J.), entered June 23, 1988, granting defendant Knickerbocker Dispatch, Inc.'s

motion to renew and for summary judgment solely to the extent of permitting the affirmative defense of workers' compensation to remain interposed in the action, denying defendant Jan Transport, Inc.'s motion for summary judgment and denying plaintiffs' cross motion for equitable and other relief, is unanimously modified, on the law, to grant the motions of both defendants for summary judgment dismissing the complaint, and otherwise affirmed, without costs or disbursements.

Plaintiff Francisco Lopez, the owner of a tractor, was injured while loading a trailer owned by defendant Knickerbocker. Defendant Jan was the dispatcher and terminal operator who hired plaintiff to haul the Knickerbocker trailer. Both defendants are corporations controlled by the same principals with the same address and insured under the same workers' compensation policy by Federal Insurance Company.

Plaintiff applied for workers' compensation benefits, listing his employer as Knickerbocker. His attorneys' notice of retainer and appearance, signed by plaintiff, listed Jan Transport as the employer. The Workers' Compensation Board initially found an employment relationship existed between plaintiff and Jan Transport, and ordered the payment of benefits. Later in that proceeding, there was an admission of dual employment by plaintiff's counsel, and plaintiff applied for and received a further "lump sum" payment from defendant Knickerbocker, settling the case before the Board.

Thereafter, this action was commenced by plaintiff against both defendants for the injuries suffered. A motion by defendant Knickerbocker to renew and vacate a prior order striking its affirmative defense of workers' compensation was granted and the defense permitted. However, both Knickerbocker's and Jan's motions for summary judgment based upon the workers' compensation awards were denied.

The IAS court properly granted the motion to renew by defendant Knickerbocker based upon newly discovered information not available at the time of the original motion (see, *Matter of Annis v New York City Tr. Auth.*, 108 AD2d 643, 645). However, the court's denial of summary judgment as to both defendants was erroneous under the circumstances. As noted, the Workers' Compensation Board found that plaintiff Francisco Lopez was employed by defendant Knickerbocker and defendant Jan.

"The Board's decision finally determines the controversy between the parties to the hearing (Workers' Compensation Law § 23; *Werner v State of New York*, 53 NY2d 346) who are

normally the injured employee and the employer or his workers' compensation carrier (Workers' Compensation Law § 25 [3] [a]). Thus, any party to the hearing who had the required notice and opportunity to be heard (Workers' Compensation Law § 25 [3] [b]) will be precluded from relitigating issues necessarily decided by the administrative Judge" *(Liss v Trans Auto Sys.,* 68 NY2d 15, 21). Concur—Kupferman, J. P., Ross, Asch, Kassal and Smith, JJ.