■ BERMA GRANT, Individually and as Administratrix of the Estate of JAMES GRANT, Deceased, Respondent, v MOSOMINO PREVETE et al., Appellants, et al., Defendant.—In an action to recover damages, *inter alia,* for wrongful death, the defendant Aalba Auto Wrecking appeals from so much of an order of the Supreme Court, Kings County (Morton, J.), entered January 14, 1988, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Mosomino Prevete and Sal Vecchio appeal from so much of the same order as denied their separate motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motions are granted, the complaint is dismissed insofar as asserted against the defendants Mosomino Prevete, Sal Vecchio, and Aalba Auto Wrecking, and the action against the remaining defendant is severed.

The plaintiff's action against the appellants is barred by the exclusivity provisions of the Workers' Compensation Law. The record establishes that the appellant Aalba Auto Wrecking

was the decedent's employer, that the appellants Prevete and Vecchio were the decedent's coemployees, that the decedent's injuries arose out of and in the course of his employment, and that the employer secured the payment of compensation for its injured employees and their dependents. Consequently, the plaintiff is precluded from maintaining an action at law against the employer or coemployees (see, Workers' Compensation Law § 10 [1]; §§ 11, 29 [6]; *Heritage v Van Patten,* 59 NY2d 1017; *Werner v State of New York,* 53 NY2d 346).

We note that the plaintiff's remedy lies, in the first instance, with the Workers' Compensation Board, not the courts, for it is the Board which must determine the validity of the plaintiff's claim that she, not a third party who apparently received death benefits, is the legal surviving spouse entitled to receive those benefits (see, Workers' Compensation Law §§ 16, 123). Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.