■ RAPHAEL MERA et al., Respondents, v ADELPHI MANUFACTURING Co., INC., Appellant, et al., Defendants.—In an action to recover damages for personal injuries, etc., the defendant Adelphi Manufacturing Co., Inc., appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated September 30, 1988, which denied its motion to dismiss the complaint as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against Adelphi Manufacturing Co., Inc., and the action against the remaining defendants is severed.

The plaintiff Raphael Mera was injured when operating a power press in the course of his employment with Adelphi Manufacturing Co., Inc. (hereinafter Adelphi). He applied for and accepted workers' compensation benefits in the amount of $16,437.65. Some time thereafter, Mera and his wife commenced the instant action to recover damages against Adelphi, among others, alleging that Adelphi "intentionally, deliberately and willfully instructed, directed, permitted and/or otherwise allowed" its employees to operate power presses from which the safety guards had been removed, in order to

increase productivity. Adelphi subsequently moved to dismiss the complaint on the ground that the action was barred by workers' compensation. The motion was denied, without opinion, and we hereby reverse.

With very limited exceptions, workers' compensation is the sole and exclusive remedy available to an employee injured during the course of his employment as against his employer *(see,* Workers' Compensation Law § 11; *O'Rourke v Long,* 41 NY2d 219). Moreover, where, as here, an employee applies for and accepts workers' compensation benefits, he is deemed to have elected his remedy and thereby forfeited his right to proceed by way of common-law tort *(see, Cunningham v State of New York,* 60 NY2d 248; *O'Connor v Midiria,* 55 NY2d 538; *Werner v State of New York,* 53 NY2d 346).

While an exception to the exclusivity rule exists "where the injury is the product of 'an *intentional or deliberate* act by the employer directed at causing harm to [that] *particular employee' (Mylorie v GAF Corp.,* 81 AD2d 994, 995, *affd* 55 NY2d 893; emphasis supplied)" *(Orzechowski v Warner-Lambert Co.,* 92 AD2d 110, 112), the allegations contained in the complaint are insufficient to permit the inclusion of the plaintiff Raphael Mera within the exception *(see, Bardere v Zafir,* 102 AD2d 422, *affd* 63 NY2d 850; *Briggs v Pymm Thermometer Corp.,* 147 AD2d 433; *Nash v Oberman,* 117 AD2d 724; *Orzechowski v Warner-Lambert Co., supra).* In any event, implicit in the determination authorizing the payment of benefits under the Workers' Compensation Law is a finding that the injuries were accidental *(see,* Workers' Compensation Law § 2 [7]; *Orzechowski v Warner-Lambert Co., supra).* Thus, the plaintiffs' claim of alleged intentional tort is further barred by the doctrine of res judicata *(see, Cunningham v State of New York, supra; Werner v State of New York, supra,* at 352-353; *Briggs v Pymm Thermometer Corp., supra,* at 435).

We take this opportunity to note once again that an order which grants or denies a motion without any explanation, either in the order itself or in a decision, is a disservice to the litigants and offers little to the general knowledge of the Bench and Bar. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.