■ ANN LAMKINS, Appellant, v STATE OF NEW YORK, Respondent. [649 NYS2d 241] —Spain, J. Appeal from an order of the Court of Claims (Corbett, Jr., J.), entered July 6, 1995, which granted the State's motion for summary judgment dismissing the claim.

Claimant, while employed as a program manager for the State Education Department, was allegedly assaulted and robbed in a State-owned parking lot after she parked her car and was on her way to work. She applied for and received workers' compensation benefits. She then commenced this action against the State to recover damages maintaining, *inter alia*, that the State failed to provide her with a safe parking area. After answering, the State moved for summary judgment on the ground that the action was barred by the Workers' Compensation Law. The motion was granted and claimant appeals.

It is well settled that, with only very limited exceptions, workers' compensation is the exclusive remedy available to an employee for injuries sustained in the course of employment (*O'Rourke v Long*, 41 NY2d 219, 221; *Daniels v Zelco, Inc.*, 159 AD2d 538). By applying for and accepting workers' compensation benefits, employees are deemed to have elected their remedy and thereby forfeit their right to pursue actions based on tort (*see, Werner v State of New York*, 53 NY2d 346, 351). Although claimant now contends that she was not injured during the course of her employment, we are of the view that, implicit in a determination awarding benefits, is a finding that the injuries occurred within the scope of employment (*see, O'Rourke v Long, supra*, at 226; *see also, Mera v Adelphi Mfg. Co.*, 160 AD2d 781). The findings by the Workers' Compensation Board on this issue are final and conclusive unless re-

versed on direct appeal (*see*, Workers' Compensation Law § 23) and are not subject to collateral attack in a plenary action (*see, Cunningham v State of New York*, 60 NY2d 248, 253). Accordingly, summary judgment in favor of the State was appropriate. Claimant's remaining arguments have been considered and rejected as unpersuasive.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.