■ RUBEN MONAGAS, Appellant, v PEOPLE OF STATE OF NEW YORK FOR DIVISION OF ALCOHOLISM AND ALCOHOL ABUSE, Defendant, and TURNER CONSTRUCTION CORPORATION, Respondent. [695 NYS2d 386] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated July 1, 1998, as, upon the granting of the motion of the defendant Turner Construction Corporation for leave to renew its prior motion for summary judgment which was denied by an order of the same court dated April 30, 1996, granted the motion and dismissed the complaint insofar as asserted against that defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Turner Construction Corporation (hereinafter Turner), formed a joint venture with Livel Mechanical & Equipment Corporation (hereinafter Livel) for the purpose of constructing an alcoholism treatment center in Brooklyn. The plaintiff, Ruben Monagas, a construction superintendent, was injured while at that job site. The plaintiff applied for, was granted, and accepted benefits for his injuries pursuant to the Workers' Compensation Law, based upon his status as an employee of the Turner/Livel joint venture. Thus this action, insofar as it is asserted against Turner, is barred by the exclusivity provisions of the Workers' Compensation Law (see, Workers' Compensation Law §§ 10, 11, 29 [6]; Werner v State of New York, 53 NY2d 346; Turner v Gannett Suburban Newspaper, 260 AD2d 370; Monteverde v Delta Intl. Mach. Corp., 215 AD2d 240).

The plaintiff's remaining contentions are without merit. Altman, J. P., Krausman, H. Miller and Schmidt, JJ., concur.