■ MARIA LAUER, Doing Business as CASSANDRA REALTY, Appellant, v R. FRANCIS DUPREAU et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Crangle, J.), entered August 28, 1980 in Washington County, which denied plaintiff's motion for, *inter alia,* summary judgment and to dismiss certain defenses and counterclaims. Defendant Dupreau signed a long-term sales contract for purchase of some 5.78 acres of land owned by Carl Schmidt for $70,000. Dupreau was to make installment payments toward the purchase price until November 1, 1981 when the balance was due. Due to financing difficulties, Dupreau requested plaintiff to find a buyer for his sales contract with Schmidt. On February 27, 1979, Dupreau entered into an agreement with defendant Margaret Sprague, assigning to her his contract

with Schmidt for the sum of $20,750. The contract called for a 10% broker's commission payable to plaintiff. Plaintiff demanded as her commission 10% of the total contract price (i.e., $70,000). Plaintiff sued Dupreau for $7,000 when Dupreau refused to pay the commission. Dupreau filed an answer and counterclaimed alleging that plaintiff breached a fiduciary duty by slandering Dupreau when she told Sprague and Schmidt that Dupreau "is an arsonist and needs money to pay his lawyer", and, "he burned down a building he owns in Saratoga and needs money to pay his lawyer". Plaintiff also filed a cross motion against Sprague to have moneys, allegedly held by Sprague for Dupreau, paid into court. Sprague answered and asserted an affirmative defense that plaintiff's complaint failed to state a cause of action against Sprague. Plaintiff next brought a series of motions whose denial by Special Term is the subject of this appeal. Plaintiff urges that Special Term's denial of her motion for summary judgment was error in that documentary evidence discloses that she was retained to sell a $70,000 interest in real property and, having produced a qualified buyer, she is entitled to 10% commission on the sales price. She contends that no triable issue of fact exists in her action against Dupreau. Dupreau urges that the contract is ambiguous. He states that he never acquired title to the property and that the only transferable interest on which he owes a commission is the $20,750 paid him for the assignment of his contract. We concur with Special Term's denial of summary judgment. The sales contract is unclear on the question of what figure was to be used to calculate the commission owed. Where intent must be gleaned from disputed evidence or from inferences outside the written words, it becomes a question of fact requiring resolution by trial (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285). Moreover, defendant Dupreau has interposed an affirmative defense asserting that plaintiff breached a fiduciary duty owed Dupreau by slandering him. If the defense is proven, this would affect plaintiff's right to compensation. The defense thus raises a material question of fact requiring trial. A broker may be denied compensation if he acts adversely to the interests of his employer (*Moffat v Gerry Estates*, 259 App Div 403; see, generally, 11 NY Jur 2d, Brokers, § 95, p 449). Plaintiff sought also to dismiss Dupreau's defense and counterclaim of slander on the ground it failed to state a cause of action since there were no allegations of special damages or other injuries to defendant. Defendant's allegation, if proven, would constitute slander per se. New York courts have held that an imputation of the commission of a crime is defamation per se (*Privitera v Town of Phelps*, 79 AD2d 1). In such cases, no special loss or damage need be alleged or proven (see 34 NY Jur, Libel and Slander, § 3, p 471). Plaintiff urges that she was entitled as a matter of law to have Dupreau's first defense and counterclaim dismissed. We concur. Defendant claimed that plaintiff owed him $1,000 received as a deposit. Plaintiff produced documentary evidence of a release signed by Dupreau acknowledging repayment of the money. Thus, the counterclaim should have been dismissed by Special Term. Finally, plaintiff sought to dismiss an affirmative defense interposed by defendant Sprague and sought summary judgment against Sprague for $7,000 on the theory that Sprague was holding $10,750 for Dupreau and that plaintiff was entitled to secure her commission from this money. Special Term was correct in refusing to grant plaintiff's motion. The record absolutely fails to support any theory of liability against Sprague. Even though Sprague did not cross move for judgment, it is entirely proper to dismiss the complaint as against her *sua sponte* (*Rand v Hearst Corp.*, 31 AD2d 406, 408; Siegel, New York Practice, § 269, p 327). We concur too with Special Term's denial of the imposition of the sanction of contempt against Sprague for her alleged failure to pay into court $7,500 of moneys held

for Dupreau as ordered by a prior order of the Supreme Court. The record does not disclose a clear violation of the prior order. Sprague denies holding any money for Dupreau. In view of the ambiguity of the prior court order, we will not disturb the court's exercise of its discretion in the matter. Order modified, on the law and the facts, by dismissing the complaint as to defendant Sprague and by dismissing defendant Dupreau's first defense and counterclaim, and, as so modified, affirmed, with costs to defendant Sprague against plaintiff. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.