■ THERESA MENDILLO, as Administratrix of the Estate of JOSEPH MENDILLO, Deceased, Appellant, v JOSEPH DeVITO, Respondent.—In an action against an owner landlord for specific performance under a lease option allegedly allowing the plaintiff tenant to purchase the subject premises and for

injunctive relief, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered July 28, 1986, which, upon the defendant's cross motion for summary judgment, dismissed the complaint, and vacated the plaintiff's notice of pendency.

Ordered that on the court's own motion, Theresa Mendillo, as administratrix of the estate of Joseph Mendillo, is substituted as the party plaintiff, and the caption is amended accordingly; and it is further,

Ordered that the judgment is reversed, on the law, with costs, and the defendant's cross motion for summary judgment is denied.

The plaintiff's decedent, the tenant Joseph Mendillo, a plumber by trade, and the defendant landlord, owner of the subject premises and also a layman, entered into a handwritten agreement which stated:

"Jan. 15, 1983

"The lease between Joseph DeVito (LANDLORD) and Joseph Mendillo (TENANT) residing at 99 Bradley Road, Eastchester, N.Y. dated on March 17, 1979 has been extended for three years from this date. All terms and conditions remain the same except:

"1. The seller agrees to sell to the purchaser the premises at 99 Bradley Road for 1983 at $80,000.00; in 1984 the price will be $83,000.00 and in 1985 the price will be $86,000.00.

"/s/ Joseph DeVito
LANDLORD

"/s/ Joseph Mendillo
TENANT".

It was error to grant summary judgment to defendant. There were triable issues of fact as to whether (as claimed by the plaintiff) the intent of the parties was that the option term and prices are coextensive with the lease term (Jan. 15, 1983 to Jan. 14, 1986), and, if so, the manner in which the plaintiff was required to exercise that option and whether or not he did in fact effectually exercise that option during that lease term (see, Lauer v Dupreau, 87 AD2d 659, affd 58 NY2d 814; 75 Jobs Lane Rest. Corp. v Arnold, 74 AD2d 623). Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.