■ EATON PITTER, Respondent-Appellant, v GUSSINI SHOES, INC., Respondent, and DEAN FRASCO, Appellant-Respondent. [614 NYS2d 568] —In an action to recover damages for personal injuries, (1) the defendant Dean Frasco appeals from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated November 30, 1992, as denied that branch of his motion which was for summary judgment dismissing the cause

of action to recover damages for assault insofar as it is asserted against him, and (2) the plaintiff cross-appeals from so much of the same order as (a) granted the motion of the defendant Gussini Shoes, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it, and (b) granted that branch of the motion of the defendant Dean Frasco which was for summary judgment dismissing the negligence cause of action insofar as it is asserted against him.

Ordered that the cross appeal is withdrawn; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by Dean Frasco.

On January 15, 1988, the plaintiff was employed by the defendant Gussini Shoes, Inc. (hereinafter Gussini) as a stock person/cashier in one of its stores where the defendant Dean Frasco was employed as manager. While sitting on the floor of the store and placing price tags on shoes, the plaintiff was thrice asked by Frasco to "get up". The plaintiff responded that he was tired and failed to get up. Thereupon, Frasco told the plaintiff, "I don't like your attitude, I am going to fire you". The plaintiff responded, "You are the boss", and the defendant Frasco kicked a box on which the plaintiff was leaning with his elbow, causing the plaintiff's elbow and his left side to drop to the floor. The plaintiff allegedly sustained a dislocated shoulder, requiring surgery. He then commenced this action against Gussini Shoes, Inc., and Frasco.

This appeal by Frasco is from so much of the order as denied that branch of his motion which was for summary judgment dismissing the plaintiff's first cause of action to recover damages for assault insofar as it is asserted against him. Frasco concedes that there is an exception to the exclusivity of workers' compensation benefits being the sole remedy for an employee injured in the course of his employment, where the injury is the product of an intentional or deliberate act intended to cause harm to that particular employee (see, Orzechowski v Warner-Lambert Co., 92 AD2d 110). However, he contends that summary judgment should have been granted, because the plaintiff failed to plead or demonstrate that he intended to harm the plaintiff when he kicked the carton. We disagree.

There is a question of fact as to whether Frasco intended to harm the plaintiff when he intentionally kicked the box. The

plaintiff testified at an examination before trial that he refused to get up after being asked by Frasco to do so, Frasco "[a]pparently * * * got a fit of anger and came down and kicked the box that [the plaintiff] was leaning on". That Frasco might have intended harm is also demonstrated by his own statement that, since the plaintiff started working at the store, the plaintiff had done nothing but give him a hard time. Where intent must be gleaned from evidence in controversy or inferences outside written words, it is a question of fact requiring resolution by trial, and summary judgment will not lie (see, Healy v Gumienny, 142 AD2d 629; Mendillo v DeVito, 133 AD2d 220; Lauer v Dupreau, 87 AD2d 659, affd 58 NY2d 814; Financial & Real Estate Consulting Co. v State of New York, 63 AD2d 802).

In addition, Frasco's contention that the plaintiff's claim was barred by the one-year Statute of Limitations applicable to intentional torts (see, CPLR 215 [3]), was not raised in his motion for summary judgment, and we decline to search the record to reach it (see, Schirano v Paggioli, 99 AD2d 802). Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.