■ Fatima Alba, Appellant-Respondent, v Dani Michaels, Inc., et al., Respondents, and Ruben Nieves, Respondent-Appellant. [756 NYS2d 559] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered March 22, 2002, which, inter alia, granted the motion of defendants Dani Michaels, Inc. and Frank I. Orio for summary judgment dismissing plaintiff's common-law personal injury claims as against them, but denied the motion of defendant Ruben Nieves for summary judgment insofar as it sought dismissal of plaintiff's assault claim as against him, unanimously affirmed, without costs.

The motion court properly granted summary judgment dismissing plaintiff's common-law personal injury claims as against defendants Dani Michaels, Inc., plaintiff's employer, and Frank I. Orio since such claims were barred against the employer by reason of plaintiff's receipt of workers' compensation benefits (*see Briggs v Pymm Thermometer Corp.*, 147 AD2d 433 [1989]; *Orzechowski v Warner-Lambert Co.*, 92 AD2d 110, 113-114 [1983]). In any case, there was no evidence that plaintiff was intentionally harmed by these defendants and thus no predicate to justify removing the subject claims from the ambit of the exclusivity provisions of the Workers'

Compensation Law (see Workers' Compensation Law § 29 [6]; *Crespi v Ihrig*, 99 AD2d 717 [1984], *affd* 63 NY2d 716 [1984]).

On the other hand, in light of the deposition testimony provided by plaintiff and Nieves, the motion court properly found an issue of fact as to whether the conduct by Nieves upon which plaintiff's assault claim is premised was intentional (see *Pitter v Gussini Shoes*, 206 AD2d 464 [1994]) and, that being the case, a grant of summary judgment dismissing the assault claim on the basis of the exclusivity provisions of the Workers' Compensation Law would not have been appropriate (see *Jackman v Fisher*, 91 AD2d 602 [1982]). Concur—Tom, J.P., Saxe, Rosenberger, Lerner and Marlow, JJ.