■ Pamela J. Botway, Respondent, v National Response Corp., Defendant, and Deborah L. Wick, Appellant. [858 NYS2d 311]—

In an action to recover damages for personal injuries, the defendant Deborah L. Wick appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), entered January 17, 2007, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant Deborah L. Wick were employed by National Response Corporation (hereinafter NRC) where Wick served as the plaintiff's supervisor. The plaintiff allegedly was injured when Wick placed her hands on the plaintiff's neck or shoulder area and rocked or shook her. The plaintiff applied for and received worker's compensation benefits as a result of this incident. She also commenced this action against NRC and Wick, alleging that she was injured by an intentional tort perpetrated by Wick.

After discovery was completed, Wick moved for summary judgment dismissing the complaint insofar as asserted against her, contending that the cause of action against her was barred by the exclusive remedy provided by the Workers' Compensation Law. She further argued that the intentional conduct exception to that exclusive remedy was inapplicable because she did not intend to injure the plaintiff.

The Supreme Court properly denied Wick's motion. Wick did not demonstrate her prima facie entitlement to summary judgment, as the evidence submitted in support of the motion, including the parties' deposition testimony, did not eliminate the existence of an issue of fact as to whether an intentional tort was committed (*see Maines v Cronomer Val. Fire Dept.*, 50

NY2d 535, 545-546 [1980]; *Alba v Dani Michaels, Inc.*, 303 AD2d 257, 258 [2003]; *Pitter v Gussini Shoes*, 206 AD2d 464, 465-466 [1994]). Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.